G. F. WOLFE, ADMR., ET AL. v.. THE STATE, USE, ETC.

1. GUARDIAN'S BOND. *Suit. Settlement not condition precedent.*
   Suit can be maintained at law upon a deceased guardian's bond against his administrator and sureties, without a decree in the Chancery Court settling the amount due his ward.

2. SAME. *Condition. Breach. Death of guardian.*
   The bond being conditioned that the guardian shall deliver the ward's property according to the order of court or direction of law, the suit is maintainable if he dies after filing his inventory, and before time for another official act.

APPEAL from the Circuit Court of Copiah County.

Hon. S. S. CALHOON, Judge.

In this action for a ward upon the bond of her guardian, the appellants, the administrator of the guardian's estate and sureties upon his bond, pleaded that he performed the condition of the obligation. Upon proof that he charged himself with property in the inventory of the ward's estate, which he filed twelve days after his appointment, and that he died six months afterwards, and that neither he nor his administrator had ever accounted with the Chancery Court or been cited to account, there was a judgment for the use of the ward for the amount of the inventory.

*H. B. Mayes*, for the appellants.

No account was due from the guardian, who was not in default at the time of his death. Code 1871, §§ 1120, 1123, 1126, 1164, 1214. It was the duty of the dead guardian's administrator to deliver to his successor the estate of his ward, and the sureties on the administrator's bond, not those on the bond of the guardian, are liable for the default. Fell on Guaranty and Suretyship, 122, 127; *Vanderburg* v. *Williamson*, 52 Miss. 233; *Alcorn* v. *State*, 57 Miss. 273. Moreover, an account was necessary to ascertain what the estate was, after deducting the deceased guardian's proper expenditures. Before such accounting it cannot be known whether the guardian has wasted the estate, or for what sum judgment should be rendered.

*H. C. Conn,* for the appellee.

The fact that the guardian received the ward's property, as shown by the inventory, for which neither he nor his administrator has accounted, constitutes a breach of the guardian's bond, on which suit can be maintained without an order of the Chancery Court for this purpose. *Burrus* v. *Thomas,* 13 S. & M. 459; *Klaus* v. *State,* 54 Miss. 644.

CHALMERS, C. J., delivered the opinion of the court.

Can an action at law be maintained upon the bond of a deceased guardian against the administrator of such guardian, and against the sureties on the guardian's bond, without a precedent decree in the Chancery Court, ascertaining and declaring the amount due ? This question is answered in the affirmative by the case of *Burrus* v. *Thomas,* 13 S. & M. 459.

It is urged that the action cannot be maintained against the sureties on the guardian's bond, because the record shows that the guardian died shortly after filing his inventory, and before the time had come for him to perform any other official act, and that therefore no breach of the bond has occurred. It is clear that if under these circumstances there had been an accounting in the Chancery Court, and the administrator of the deceased guardian failed to pay the amount found due by that tribunal, the sureties on the guardian's bond would be liable for the amount. If an action can be brought on the bond without such precedent accounting in the Chancery Court, as is settled by the case above cited, the same result must follow as to the sureties here. They are as much bound for a failure of the administrator to pay over as for that of the guardian himself. The condition of the obligation signed by them was that the guardian " shall deliver up said property with its increase and profits agreeably to the order of court, or the direction of law," and this condition is not performed until there has been such delivery, either by the guardian in his lifetime, or by his administrator after his death. Certainly his death does not operate to discharge the obligation.

*Judgment affirmed.*

COOPER, J., having been of counsel, takes no part in this decision.