E. BONHAM

*v.*

THE PEOPLE, for use of Wilson, Admr.

*Filed at Mt. Vernon March 29, 1882.*

1. LIMITATION—*when the statute begins to run—sufficiency of a plea.* A plea to an action on a guardian's bond, by a surety, that he did not, at any time within sixteen years before the suit, execute the bond, is clearly bad. The limitation runs only from the time a cause of action accrues, and not from the date of the bond, and it requires both the execution of the bond and its breach to constitute a cause of action.

2. Same—*saving of right of action after disability ceases.* Section 19 of the Limitation law, Rev. Stat. 1874, and section 21 of the same law, saving rights of action after a party's disability is removed, or his death, have no application where the cause of action would not be barred in the absence of such statutes.

3. Plea—*must answer all it professes to answer.* A plea in an action upon a guardian's bond, which professes to answer two breaches assigned in the declaration, is bad, if it does not set up a good defence to both of the breaches.

4. Guardian's bond—*conditions as to liability for converting the ward's money to use of guardian.* An assignment of a breach of the condition of a guardian's bond, that the guardian had converted to his own use a large amount of the moneys of his ward, is not answered by a plea that no adjustment was ever had of the accounts of the guardian by the probate court, and that the guardian had not been ordered by that court to pay to the ward in her life, or to the administrator of her estate after her death, any sum of money, and that the guardian had never been cited to appear before that court and make a settlement of his guardianship. Our statute provides, that whenever the condition of the bond of any guardian shall be violated, suit may be instituted on such bond, and prosecuted to final judgment against such guardian and any one or all of the sureties, or against one or more of them, "without first establishing the liability of the principal by obtaining judgment against him alone," and that it shall not be necessary to a recovery that a *devastavit* shall have previously been established against the principal.

Appeal from the Appellate Court for the Fourth District;—heard in that court on appeal from the County Court of Wayne county; the Hon. Carroll C. Boggs, Judge, presiding.

This was an action upon a guardian's bond, brought in the county court of Wayne county, by appellee, against the guardian and against appellant. The declaration charges that the bond was executed by Justus Beach, guardian of Laura J. Stinnett, a minor, in the sum of $1000, with appellant as surety, dated February 22, 1861, setting out a bond in the ordinary form; that Beach was duly appointed such guardian and then entered upon his duties, and so continued to be such guardian until September, 1874, when said Laura died intestate; that on December 20, 1878, Wilson was duly appointed administrator of her estate by the county

court of said Wayne county, and qualified as such. The declaration charges, as the first breach of this bond, that while he was so guardian, etc., divers large sums of money— that is, $1000, the property of said Laura,—came to his hands as such guardian, which he "disposed of to his own use," and refused to pay the same to her in her lifetime, and still refuses to pay to her administrator. Other breaches were assigned, which, from the view taken of the case by the court, need not be stated. Process against the principal was returned not found, and the plaintiff proceeded to judgment against the surety only.

To this declaration appellant pleaded several pleas, upon some of which issues of fact were joined, and found against him, and to some of which demurrers were sustained by the court. Among the pleas thus held bad, were the following:

No. 4. And for a further plea in this behalf, the said defendant says *actio non*, because he says he did not, at any time within sixteen years next before the commencement of this suit, execute the said supposed writing obligatory, in the declaration mentioned, etc.

No. 9. And for a further plea to the first and fourth breaches in said declaration contained, which breaches charge the receipt of money by said guardian, said defendant says, etc., because he says that no adjustment was ever had of the accounts of said Justus Beach, as guardian of said Laura J. Stinnett, deceased, by the probate court of said Wayne county, and said guardian ordered by said court to pay to said Laura J. Stinnett during her lifetime, or to the said Wilson since her decease, any sum of money claimed to be due from said guardian, nor had said guardian ever been cited or notified to appear in said court and make a settlement of his said guardianship; wherefore, etc.

No. 10. And for a further plea, etc., because he says that said Laura J. Stinnett departed this life, to-wit, on the first day of October, 1873, within the age of eighteen years, and

that this suit was not brought within one year from the time of said decease; wherefore, etc.

No. 11. And for a further plea, etc., because he says that said Laura J. Stinnett departed this life on the first day of October, 1873, within the age of eighteen years, and that her disability of minority was then removed, and that this suit was not commenced within two years after the removal of such disability; wherefore, etc.

No. 12. And for a further plea, etc., because he says that Laura J. Stinnett departed this life October 1, 1873, that said Laura would have been eighteen years old on the first day of January, 1877, and that this suit was not commenced within two years from that date; wherefore, etc.

The case was then submitted to the court without a jury. The court found the issues for the plaintiff, and assessed the damages at $1000, and entered judgment upon the finding. Defendant appealed to the Appellate Court, where the' judgment was affirmed. He brings the case here by appeal from that court, and seeks a reversal, insisting that the above pleas, held bad on demurrer, were each good in law.

Mr. EDWIN BEECHER, for the appellant:

Suit can not be brought on the bond until there has been an adjustment in the probate court, or a refusal by the guardian after being legally required to do so. *Stillwell* v. *Miller*, 19 Johns. 303; *Robertson* v. *Robertson*, 1 Root, 51; *Bailey* v. *Rogers*, 1 Greenlf. 185; *Critchell* v. *Hall*, 56 N. H. 324; *Smith* v. *Davis*, 45 id. 570; *O'Brien* v. *Strong*, 42 Iowa, 643; *Nutz* v. *Renter*, 1 Watts, 229; *Wiser* v. *Blachley*, 1 Johns. Ch. 608; *Hall* v. *Burnstead*, 20 Pick. 8; *Dawes* v. *Bell*, 4 Mass. 106; *Salisbury* v. *Van Hoesen*, 3 Hill, (N. Y.) 77; *Dennison* v. *Cornwell*, 17 S. & R. 378; *Conner* v. *Raser*, 62 Pa. St. 436; *Sebastian* v. *Bryan*, 21 Ark. 447; *Graff* v. *Mesner*, 52 Cal. 636; *Tate* v. *Norton*, 4 Otto, 746; *Gilbert* v. *Guptill*, 34 Ill. 137; *Harvey et al.* v. *Harvey, Exr.* 87 id. 56;

Matthews on Guardians, 92; 2 Redfield on Wills, 823; *United States* v. *Curtis*, 10 Otto, 123.

The third and fourth pleas of limitation of sixteen years were a bar to the action. Acts of 1849, 2d session, p. 44, sec. 1; *Gilbert* v. *Guptill*, 34 Ill. 112; *Scheel et al.* v. *Eidman et al.* 77 id. 304; *Favorite* v. *Booher's Admr.* 17 Ohio St. 548; *Cockran* v. *Taylor*, 13 id. 382.

After the death of the ward the action must be brought within one year. Rev. Stat. 1874, p. 676, sec. 19; *Mercer's Lessees* v. *Selden*, 1 H. 53.

The ward, if living, would be barred unless suit was brought within two years after the disability was removed. Rev. Stat. 1874, p. 676, sec. 21.

These acts of the legislature limiting to one and two years, as set forth in pleas 10, 11 and 12, are valid. *Whitney et al.* v. *Webb et al.* 10 Ohio, 522; *Demarest* v. *Wynkoop*, 3 Johns. Ch. 142; *Lewis* v. *Lewis*, 7 H. 782; *Hodgen* v. *Henrichson*, 85 Ill. 259; *Morse* v. *Goold*, 1 Kernan, 288; *Cropsey* v. *Ogden*, id. 233; *Hawkins* v. *Barney's Lessees*, 5 Peters, 466; *Ross* v. *Duval*, 13 id. 63; *Lewis* v. *Admr. of Broadwell*, 3 McLean, 563; Angell on Limitation, secs. 194, 476; Sedgwick on Stat. and Const. Law, 691.

Messrs. ROBINSON & JOHNS, and Messrs. CREIGHTON & SIBLEY, for the appellee:

The act of the county court in the appointment of an administrator can not be inquired into in a collateral proceeding. *Wright* v. *Wallbaum et al.* 39 Ill. 563; *Diffin et al.* v. *Abbott et al.* 48 id. 18.

By statute it is not necessary to a recovery upon an administrator's or guardian's bond, that a *devastavit* shall first be established. Rev. Stat. 1874, p. 730, sec. 13, ch. 103.

The statute in force when the bond in this case was given, fixed the limitation at sixteen years, not from the execution of the bond, but after the cause of action accrued, and no

action could accrue during the lifetime of the ward before his majority. He could not sue before arriving of age. *Scheel* v. *Eidman et al.* 77 Ill. 301.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

The fourth plea is clearly bad. The allegation is, that the bond was not executed at any time within sixteen years before the commencement of this suit. There is no statute rendering the lapse of sixteen years from the date of the instrument a bar to the action. The statute applicable to an action of this kind upon a bond of that date, says: "Actions on bonds * * * shall be commenced within sixteen years next after the cause of action accrued." It does not say within sixteen years after the execution of the bond. The cause of action is not the making of the bond. No action accrued upon the making of the bond. The cause of action consists of the execution of the bond, in combination with the breach of the condition of the bond. It requires both the execution of the bond and the breach of the bond to constitute a cause of action.

The ninth plea is also bad. It professes to be a plea to the first and fourth breaches assigned in the declaration. Such a plea, to be good, must answer both of the breaches mentioned. It is not sufficient that it may furnish a good defence to one of the breaches. The first breach assigned is, that the guardian had converted to his own use a large amount of the moneys of his ward. It is no answer, under our laws, to such a charge in the declaration, to say that no adjustment was ever had of the accounts of the guardian by the probate court, and that the guardian had not been ordered by that court to pay to the ward in life, or to the administrator of her estate after her death, any sum of money, and that the guardian had never been cited to appear before that court and make a settlement of his guardianship. Our statute provides, that whenever the condition of the bond

of any guardian shall be violated, suit may be instituted on such bond, and prosecuted to final judgment against such guardian and any and all of the sureties, or against one or more of them, "without first establishing the liability of the principal by obtaining judgment against him alone," and that it shall not be necessary to a recovery that a *devastavit* should have previously been established against the principal.

Whether, in a case where a guardian has simply failed to pay over and continues to hold funds of the ward, it is or is not necessary that his accounts be first settled in the probate court, or that he fail to make such settlement after citation, before an action at law can be maintained upon the bond, we are not called upon here to decide. In this case the declaration charges expressly that he converted to his own use the money of his ward. This allegation is not denied by any plea on file. Being a material allegation in the declaration, it is admitted, for the purposes of that plea, by every plea which does not deny it. We do not decide that the mere retention of the custody of the ward's money, without an order of the probate court to pay the same, would of itself constitute a conversion to the use of the guardian. No question of that kind arises here, for it is confessed of record in this case that the guardian did so convert the money of his ward.

The statutes of limitation relied on for the support of the tenth, eleventh and twelfth pleas, have no application where the cause of action would not be barred in the absence of these statutes, and hence have no application here.

The judgment of the Appellate Court is therefore affirmed.

*Judgment affirmed.*