Richmond, P. J.
This was an action against the sureties on a guardian’s bond. The complaint alleges that the plaintiffs, Ella J. Smith, Maud C. Smith, Nellie M. Smith and Chandler A. Smith, are the sole and only heirs at law of Melvina A. Smith, deceased, and that said plaintiffs as said heirs are and at all times herein mentioned have been the' owners of certain real estate; that on the 19th day of January, A. D. 1884, Chandler Smith duly obtained letters of guardianship from the county court of Weld county, Colorado, constituting him the guardian of the persons and estates *343 of Ella J., Maud 0., Nellie M. and Chandler A. Smith. That on the 15th day of January, A. d. 1884, Chandler Smith as principal and Henry Gehhard and Henry H. Metcalf as sureties signed, sealed and executed their joint and several bond in words and figures as follows:
“ Know all men by these presents:—That we, Chandler Smith as principal, and Henry Gebhard and Henry H. Met-calf, of the county of and state of Colorado, aré held and firmly bound unto the people of the state of Colorado, in the penal sum of three thousand dollars, current money of the United States, to which payment well and truly to be made and performed, we, and each of us, bind ourselves, our heirs, executors and administrators, jointly, severally and firmly by these presents.
- “ Witness our hands and seals this 15th day of January, A. D. 1884.
“ The condition of this obligation is such, that if the above bounden Chandler Smith, who has been appointed guardian for Ella J. Smith, Maud C. Smith, Nellie M. Smith and Chandler A. Smith, minor heirs of Melvina A. Smith, deceased, shall faithfully discharge the office and trust of such guardian according to law, and shall render a fair and just account of his guardianship to the county court of the county of Weld from time to time as he shall be thereto required by said court, and comply with all the orders of said court, lawfully made, relative to the goods, chattels and moneys of such minors, and render and pay -to such - minors, all moneys, goods and chattels, title papers and effects which may come to the hands or possession of such guardian, belonging to such minors when such minors shall be thereto entitled, or to any subsequent guardian, should such court so direct, then-this obligation to be void, otherwise to remain in full force and virtue. (Signed,)
“ Chandler Smith. (Seal) -
“ Henry Gebhard. (Seal) -
“ Henry H. Metcale. (Seal)’”
That said bond was duly approved and filed; that all of the *344 defendants resided in the county of Arapahoe, and that Chandler Smith the principal in said bond is and for a long time past has been a non-resident of the state of Colorado, absent therefrom and with.no property in said state. That on the 23d day of December, 1887, by order of the county court of Weld county, sitting for probate business, it was dirty ordered, adjudged .and considered by said court that the letters of guardianship. granted to said Chandler Smith be and the same were vacated and revoked, because of the failure of said guardian to discharge his duties as such guardian. That the plaintiff, Ella J. Smith, is of full age, having attained the age of eighteen years on the 18th day of February, 1887; that Maud C., Nellie M. and Chandler A. are still minors ; that on the 20th day of March, 1889, Daniel Hawks was duty and regularly appointed the guardian of the persons and estates of said minors.
It' is further alleged that on the 19th day of January, Chandler Smith as guardian of said estates entered upon the discharge of his duties and filed his inventory on the 25th day of February, 1884, in which he described the real property, shares of stock, cash on hand belonging to the estate, charging himself with the sum of $1,127.66. That he continued to act as guardian of the persons and estate of said minors until his letter was revoked, and that during the said time Chandler Smith did not faithfully discharge the office and trust of said guardian according to law, and did not render ^fair and just accounts of his guardianship to the county court of Weld as required by law; that the only account filed by him as guardian was filed on the 23d day of December, 1887, from which account it appeared that the only credit to which he was entitled as said ■ guardian was the sum of $734.15 for payment made by him for the benefit of said four minors; that he had failed and neglected to discharge his duties as guardian for the estate of said minors, in that he did not account for the rent of the real property of said minors, or take proper care to obtain sufficient rent for said property during the years 1885,1886 and 1887. That here *345 after and on the 23d day of December, 1887, it wás found by the said court that after charging said Chandler Smith as guardian with the $1,127.66 received by him, and $50 rent of real property received for the year 1884, and $136.40 interest, and after allowing the credits so claimed by said guardian, there was then found to be due by said guardian to said minors the sum of $579.91, with interest thereon from the 20th day of April, 1887, and it was further found and adjudged by said court that no- report had been made by said guardian of the renting, hiring, or proceeds of the land belonging to said minors since the year 1884, for which said guardian was responsible. It is alleged that a fair rental value of said property of said minors for the years 1885,1886 and 1887 was $200 per year, which would have been obtained had the guardian faithfully discharged his duties " and carefully and properly attended to the interest of his said wards; that said guardian had neglected and failed to account to said plaintiffs, or any of them, for the rental value or for any portion of the said sum of money found to be due to them.
To the complaint a demurrer was interposed: First, because the complaint did not state facts sufficient to constitute a cause of action; and, second, that there was a defect ■ of parties defendant, in this, that Chandler Smith the principal in the bond sued upon, was not made a defendant in the cause. This demurrer was overruled and defendants’ answer practically denied the averments in the complaint. Several defenses were set up. To the second and third defenses plaintiffs demurred, which was sustained. Trial was had to a jury and resulted in a verdict for plaintiffs in the sum of $1,139.50. Motion for a new trial overruled and judgment entered. To' reverse which judgment appellants prosecute this appeal.
Appellants’ contention is that the complaint failed to state facts sufficient to constitute a cause of action, and in support of this contention argue that Chandler Smith, principal in the bond, should have been made a party to the action. We *346 do not think' it necessary to discuss the question of non-joinder or misjoinder of parties, as the appellants have not properly presented the question.. But appellants contend that notwithstanding this no joint right of action was shown in the guardian Hawks, and the plaintiff Ella J. Smith, nor were any facts alleged giving Ella J. Smith the right to sue, and that there was lacking in the complaint certain allegations which were essential to a cause of action against the sureties. That is, that no breach of the bond was alleged; that it does not appear from the complaint that the probate court ever ordered Chandler Smith to render any account; it does not allege that he .failed to comply with all the orders of the court; and that there appears no order of the court directing him to pay anything to any of the minors or to any subsequent guardian. In addition to this, appellants contend that before suit could be instituted against the sureties a judgment should have been obtained against the principal. In other words, it should have appeared that proceedings had been instituted against Chandler Smith and damages awarded, and that he had failed to pay the damages.
We are unable to agree with this contention. The condition of the obligation was in the language of the statute, and is to the effect that the said Chandler Smith shall faithfully discharge the office and trust of such guardian according to law. * * * He was hound therefore to faithfully discharge the obligation imposed upon him by the statute, regardless of any orders or any demands for an accounting, or any proceedings by the heirs' or their representatives against him. The language of the statute and the bond is broad enough to subject him to an action, providing it is alleged- and proven that he did not faithfully discharge the. office and trust of guardian according to law. .
The complaint alleges that after entering upon the duties of such guardian he filed an inventory and subséquently filed an account, and in distinct terms avers that he did not faithfully discharge the office and trust of such guardian according to law, and did not render fair and just accounts of *347 Ms guardianship, but that he failed to account for the rent of real property belonging to the estate ; that he failed to take proper care of said, property and to obtain sufficient rent for the same for the period of three years.
It cannot be questioned that one who assumes the position of guardian is bound to act faithfully and earnestly in the interest of his wards; that he is bound to account under the law for all moneys he may receive belonging to the estate; that he is bound to look after the realty and to procure as great a revenue from the same as he can.
The statute provides * * * “ that the bond shall be taken to the people of the state of Colorado and shall not become void upon the first recovery, but may be put in suit from time to time against - all or any one or more of the obligors and to the use and benefit of any person entitled by a breach thereof, until the whole penalty shall be recovered thereon.” * * *
We think this provision of the statute disposes of the proposition that Chandler Smith should have been made a party to the action. The language of the statute'is,—“ put in suit from time to time against all or any one or more of the obligors to the use and benefit of any person entitled by breach thereon. * * * ”
The further contention of appellants, that there must be some order of the court directing the guardian to pay the money found due to the heirs or his successor, cannot be supported in reason or by authority. From the record we learn that at the time Chandler Smith, the guardian, rendered his accounts there was found due from him to. the estate a certain sum of money;, that thereafter it was found upon investigation and so adjudged by the court that he had been guilty of neglecting his duties in caring for the realty belonging to the estate. This is an adjudication which clearly establishes that he had failed in his duty as guardian ; that he had failed in the execution of the trust reposed in him and thereby occasioned the breach in the obligation.
In Wolfe, Adm’r, et al. v. The State, 59 Miss. 338, it was held *348 that the bond being conditioned that the guardian shall deliver the ward’s property according to the order of- the court, or direction of law, the suit is maintainable if he dies after filing his inventory and before the time for another official act.
The case at bar is much stronger than the one above cited, which clearly indicates that the conclusion we have here reached is correct. See Bonhan v. The People, for the Use, etc., 102 Ill. 434.
We are clearly of the opinion that a breach of the bond was duly alleged and that sufficient appears in the complaint to constitute a cause of action against the sureties ; that it was not necessary for the action to have been commenced and judgment obtained against the principal before suit could be instituted against the sureties.
Seeing no error in the record, the judgment must be. afi firmed.

Affirmed.