## FOURTH DISTRICT—AUGUST TERM, 1892.

### WILLIAM FRANK AND LUDWIG PAPE
### v.
### THE PEOPLE OF THE STATE OF ILLINOIS, FOR USE, ETC.

*Administration—Administrator's Bond—Suit on—Final Report—Sufficiency of—Limitation Act, Sec. 16.*

1. An action on an administrator's bond is not required to be brought within ten years after the execution of the same, but must be brought within such time after a right of action accrues thereon, which takes place upon a breach of a condition thereof.

2. Until a valid order of distribution is made in a given case, the administrator is the trustee of the estate for the benefit of the creditors and heirs, and until an order of distribution is made, no cause of action accrues to the heir.

3. No order of record, as an approval by the court of a final report, having been entered in a given case, the same being approved by the judge by his indorsement thereon, such act does not constitute a final settlement.

4. A court has no power to make an order of distribution without notice to the heirs, and an order so made would be null and void.

[Opinion filed March 3, 1893.]

APPEAL from the Circuit Court of Madison County; the Hon. B. R. BURROUGHS, Judge, presiding.

(248)

Appellant, William Frank, became administrator of his brother, Frederick Frank, and filed his bond as administrator, December 19, 1876, with his co-appellant as surety. Frederick Frank, at the time of his death, left surviving, William Frank, a brother of the whole blood, and appellees, for whose use the suit was brought, brother and sister of the half blood. It does not appear that any inventory was filed by the administrator, and on the 19th day of February, 1879, the administrator presented to the Probate Court of Madison County, a final report, which was approved by the judge by his indorsement thereon, but no order entered of record as an approval by the court. At the time the report which purported to be a final report was presented and approved by the judge, no notice of final settlement was given, but at the time of that attempted final settlement, a report was made as follows : " He further reports that the debts and claims against said estate have all been paid, leaving the above balance to be distributed between the heirs lawfully entitled thereto as follows: To William Frank, only brother of the deceased and the administrator of said estate, $1,594.65. Now moves the court that he may be allowed to make distribution as above set forth, and having made and taken receipts therefor and presented to this court asked to be discharged." In June, 1890, a suit was brought on the bond for the use of appellees and the questions of law and fact, as presented by the record, are as to whether the report of the administrator is valid and binding. In June, 1890, a citation was issued against the administrator requiring him to file an account as administrator. To that citation he answered, setting up that he had made a final settlement more than eleven years previous and moved that an order of approval be entered *nunc pro tunc.* As of the date of filing his pretended final report, the appellees, for whose use the suit was brought, filed exceptions to the report made in 1879, and on a hearing in the County Court the exceptions were sustained and the administrator charged with sums in addition to those in his so called final report and his motion for an order *nunc pro tunc* denied.

On appeal to the Circuit Court that judgment and order of the County Court was affirmed and the sum of $2,765.92 was found to be in the hands of the administrator for distribution, and distribution ordered of the same; which order was made at the October term, 1891, of the Circuit Court of Madison County.

The administrator failing to make distribution, suit was brought on the bond on March 4, 1892, and the breaches assigned were the failure to pay over the money in accordance with the order of the Circuit Court, made in October, 1891, and second, that on February 19, 1879, and prior to that time, divers rights and credits, goods and chattels came to the hands of the administrator which he failed to pay over. To this declaration pleas of *non est factum nul tiel* record and the statute of limitations were filed, to which pleas, general replication were filed. By a stipulation filed it is shown that one of appellees for whose use the suit was brought was born September 16, 1856, and another July 27, 1858, both of whom are females, and the other, a male, born February 18, 1863. A finding and judgment was rendered for appellees in accordance with the amount found to be due and ordered to be distributed, one-fourth of the amount to each of the appellees, and from the judgment so rendered the administrator and his surety prosecute this appeal, and the question arising on the assignment of errors is on the plea of statute of limitations.

Messrs. JOHN G. IRWIN and HADLEY & BURTON, for appellants.

Messrs. DALE, BRADSHAW & TERRY, for appellees.

MR. JUSTICE PHILLIPS. Sec. 16 of the limitation act provides that action on bonds shall be commenced within ten years next after the cause of action accrued. Actions on bonds of administrators are not required to be brought within ten years after the execution of the bond. No action accrues on such bond until there be a breach of the condition. Bonham v. The People, for use, etc., 102 Ill. 434.

Section 112 of the chapter on administration requires administrators to exhibit accounts of their administration for settlement to the County Court at the expiration of the first year from the time of appointment, and every twelve months thereafter until the duties of administration are completed, and then provides "that no final settlement shall be made and approved by the court unless the heirs of the decedent have been notified thereof in such manner as the court may direct." Under the provision of the statute no final settlement could be made without notifying the heirs of the decedent, and it is not claimed that such notice was ever given. Until a valid order of distribution is made, the administrator is the trustee of the estate for the benefit of the creditors and heirs, and until an order of distribution is made, no cause of action accrues to the heir. The action of the administrator in making the report to the judge of the County Court, but such order not being made of record as an order of court, did not constitute a final settlement, and even the court would have no power to make an order of distribution without the notice to the heirs, and an order so made would be null and void. Long, Administratrix, v. Thompson, Guardian, et al., 60 Ill. 27.

This action being on the bond of the administrator, and the breach of the condition of the bond as to paying over to distributees money to which they were entitled occurred within ten years.

*The judgment is affirmed.*