[No. 4144.]

## McDONALD ET AL. V. THE PEOPLE FOR THE USE OF DENKINGER'S HEIRS.

1. GUARDIAN AND WARD—SUIT ON GUARDIAN'S BOND—PLEADING.

Ordinarily before an action can be maintained against the sureties on a guardian's bond, it must be alleged that an accounting has been made by the guardian, and an order of court rendered in relation to the trust fund which has not been complied with by the guardian. But where facts are averred from which it appears there has been a breach

of the conditions of the bond on the part of the guardian of a character which makes it necessary to resort to the bond in order to protect the interests of the wards, the rule is satisfied.

2. Same.

In an action against the sureties on a guardian's bond a complaint which alleges that subsequent to the appointment of the former guardian she was adjudged insane and a conservator appointed to take charge of her estate; that prior to this action she had received and converted to her own use moneys belonging to the wards; that the present guardian had demanded of the conservator possession of the funds and personal property belonging to the wards that had been recived by the former guardian; that the former guardian's estate has been finally settled, and the conservator has paid the present guardian only a part of the money converted by the former guardian; that the balance of the account remains unpaid, and that there is nothing more to be had from the estate of the former guardian, is sufficient to state a cause of action.

3. Appellate Practice—Correct Ruling on Wrong Reason.

If the ruling of a court is correct, it is immaterial what reason the court may have given, or had in mind for reaching the conclusion announced, unless by the record it affirmatively appears that on account of an incorrect reason the party against whom the ruling was made was thereby prejudiced.

4. Guardian and Ward—Action on Guardian's Bond—Pleading.

In an action against the sureties on a guardian's bond for money of the wards alleged to have been received and converted by the guardian to her own use, where the answer denied the wrongful conversion and alleged that the guardian had expended the money for necessaries for the wards, the allegation that the money was used for the benefit of the wards was not an affirmative defense but merely a denial of the wrongful conversion, and the failure of plaintiff to deny such allegation did not entitle defendant to a judgment on the pleadings.

5. Practice—Pleading.

A party cannot complain of an error of the court for which he is himself responsible. Where a defendant treated his answer as an affirmative defense when it was merely a denial of plaintiff's complaint, and moved for judgment on the pleading because his answer was not denied by plaintiff, which motion was properly overruled but for a wrong reason, defendant cannot complain that the court erroneously treated his answer as an affirmative defense, and thus excuse his failure to offer evidence in support thereof.

6.  Appellate Practice—Record.

The supreme court will not consider a record of a former trial of the same case which is no part of the record made at the trial which is being reviewed.

7.  Appellate Practice—Rehearing—New Matter.

On rehearing the court will not consider any matters to which attention was not directed in the first instance.

*Error to the County Court of Pueblo County.*

*On Rehearing.*

Action by defendant in error, as plaintiff for the use of his wards, against plaintiffs in error, as defendants, sureties on the bond of the former guardian of the minor wards. From a judgment against them, the sureties bring the case here for review on error.

Mr. M. J. Galligan for plaintiffs in error.

Mr. L. A. Crane and Messrs. Arrington & McAliney for defendants in error.

*Per Curiam*—In the original opinion filed we affirmed the judgment of the trial court. A rehearing was granted. Upon a reconsideration of the case, we are satisfied the judgment was correct. We shall not, however, discuss all of the questions raised by defendants, and determined in the former opinion, for the reason that except as to those now determined they are obviously without merit.

Counsel for defendants contend the complaint is insufficient, because it does not allege an accounting by the former guardian previous to the bringing of this action. Ordinarily, it is true, that before an action can be maintained against the sureties on a

guardian's bond, it must be alleged that an account-
ing has been made by the guardian, and an order of
court rendered in relation to the trust fund which
has not been complied with by the guardian. This
rule obtains for the reason that the sureties on a
bond of this character are not liable to the benefici-
aries until a breach of the conditions. Where, how-
ever, as in the case at bar, facts are averred from
which it appears there has been a breach of the con-
ditions of the bond on the part of a guardian of a
character which makes it necessary to resort to the
bond, in order to protect the interests of the wards,
the rule is satisfied—*Gebhard v. Smith*, et al. 1 Colo.
App., 342. In the complaint it is alleged that subse-
quent to the appointment of the former guardian she
was adjudged insane, and a conservator appointed to
take charge of her estate; that prior to this action,
she had received and converted to her own use
moneys belonging to the minors; that shortly after
the appointment of the present guardian, he de-
manded of the conservator the possession of any
funds or personal property belonging to the minors
that had been received by the former guardian, which
request had not been complied with; that her estate
has been finally settled, and the conservator has paid
the present guardian only a part of the moneys al-
leged to have been wrongfully converted by the for-
mer guardian, which is all that has ever been paid on
this account. One of the conditions of the bond is,
that the guardian "shall faithfully discharge the of-
fice and trust of such guardian according to law." The
conversion of moneys to her own use belonging to
her wards was certainly a failure to discharge the
trust which she undertook according to law. It be-
ing further charged that her estate has been finally

settled, and that the conservator of her estate had failed to pay the present guardian a part of the sum which she had wrongfully used, and there is nothing further to be had from the estate, the only recourse is to call upon the sureties to answer for the default of their principal.

For answer the defendants denied the allegations of the complaint. They also pleaded several special defenses, to which plaintiff interposed demurrers, which were sustained. Plaintiff also moved to strike a portion of the defense pleaded in paragraph 5 of the answer, which was sustained. This paragraph as it then stood, and also paragraph 3, which was not attacked, denied that the former guardian had wrongfully converted, in whole or in part, the money sued for, and further pleaded that she had expended this money for the support and maintenance of her wards, who were her children, which sum, together with the compensation to which she would be entitled as guardian, amounted to two thousand dollars, for which the defendants asked a credit to offset any and all claims which the minors might have against them, as sureties on their former guardian's bond. No further plea was filed to this answer, and defendants moved for judgment on the pleadings, for the reason, as they claim, that under the uncontroverted facts, in their answer, they were entitled to judgment. This motion was overruled. Plaintiff then offered evidence in support of the averments of the complaint. Defendants offered none.

The only further question we shall consider on the merits, as originally presented, is the one which relates to the alleged error of the trial court in denying the motion for a judgment on the pleadings. It is said, in the argument for defendants, that the de-

murrers to the several defenses were sustained upon the theory that no credit for necessaries furnished the minors could be allowed without a previous order of the court having jurisdiction of the guardianship matter to that effect. For this reason, it is urged, the court virtually denied the defendants the right to introduce evidence to prove that necessaries had been furnished the minors by their former guardian, out of the funds belonging to them in her hands. So far as the record is concerned, it is not disclosed upon what theory the trial court denied the motion for judgment. If this ruling was correct, then it is immaterial what reason the court may have given, or had in mind, for reaching the conclusion announced, unless by the record it affirmatively appears that on account of an incorrect reason the party against whom the ruling was made, was thereby prejudiced. The action was for a conversion of funds belonging to the minors. In their different defenses, which were allowed to stand, this conversion was denied by the defendants. In two of them they pleaded that the former guardian had expended money for the benefit of her wards. These pleas added nothing to the denials. If she had lawfully expended the moneys claimed, or was legally entitled to retain the trust funds, then there was no wrongful conversion. The statement that the former guardian had paid out moneys for necessaries for the minors, or was entitled to compensation out of the trust funds did not constitute, as counsel assume, an affirmative defense, If this were true, and as pleaded, evidence supporting this plea was admissible, it merely denied the charge of conversion. In *Mott v. Baxter, ante* p. 418, it was said, quoting from Bliss' Code Pleadings, 2d ed., § 333: "A statement of facts by way of defense.

which are merely inconsistent with those stated by the plaintiff, is, in effect, a denial. It is not new matter; it admits nothing; it simply contradicts." So that the trial court was clearly right in denying the motion for judgment, because the defenses upon which it was based were nothing more than a denial of the averments of the complaint. Whether or not, as urged by counsel for defendants, they were entitled to prove that the whole or any part of the money sued for had been expended by the former guardian in the purchase of necessaries for the minors, is not presented for determination. They offered no testimony to prove this character of defense. If they had, and the trial court had refused to receive it, the question then would have been presented for our determination. Conceding, however, that the court treated the defenses as affirmative upon which counsel for the sureties relied in support of the motion for judgment on the pleadings, they cannot complain. The court committed this error because of the erroneous views of counsel in assuming that the defenses were affirmative when they were not. The ruling, however, was correct, though based upon a reason which was not sound, but counsel cannot complain of an error in this respect for which he is responsible; otherwise, he would be permitted to take advantage of his own mistake.

In support of the petition for rehearing there has been filed what purports to be the record and bill of exceptions exhibiting the proceedings in a former trial of this case, from which, it is claimed, it appears the trial court at that time ruled that proof of expenditures for necessaries could not be made, unless an order of the county court, allowing the trust fund to be disbursed for this purpose, had previously been

secured by the guardian. We cannot consider this record. It is no part of the one made at the trial below, which we are now reviewing.

It is also now claimed that the interest allowed was excessive, in that it was computed for a period greater than prayed for in the complaint. It is also said a mistake was made to the detriment of the defendants, in the amount paid by the conservator, for which they were entitled to credit. No such points were made originally, and we have frequently decided that on rehearing, no matters will be considered to which our attention was not directed in the first instance—*Orman v. Ryan*, 25 Colo. 383.

The judgment of the county court will stand affirmed, as originally directed. The former opinion of Mr. Justice Steele, affirming the judgment, is withdrawn.

*Affirmed.*

Mr. Justice Steele, dissenting.

The case should be reversed. Paragraphs of the answer alleged that the guardian had expended the money of the wards, in good faith for their care, support, education and maintenance; and the demurer thereto, alleging "that it does not state facts sufficient to constitute a defence," should have been overruled, not sustained. Another paragraph contained the allegation of expenditure of the money of the minors in good faith and for their benefit, but because it also contained a denial of conversion, it was not attacked. To the latter paragraph no replication was filed, for the reason, as I now believe, that the court had held that such expenditures did not constitute a sufficient defense to the action.

When the court denied the motion for judgment upon the pleadings, he again held that the defense interposed was not sufficient in law.   There having been two rulings by the court upon the sufficiency of these defenses, I am of opinion that the defendants were not required to offer proof of the expenditures by the guardian.

I am also of opinion that the sureties are bound by the judgment mentioned in the complaint and that upon proof that a valid judgment has been rendered against the former guardian for the money of the wards received and not accounted for, the court should enter judgment against the sureties for the amount due thereon.