**Louisa Weber, Plaintiff in Error, v. City of Chicago, Defendant in Error.**

**Gen. No. 14,413.**

NOTICES—*act requiring notice, of injuries, to municipality construed.* Section 2 of the act referred to does not apply to cases in which the injury was sustained before the act took effect.

Action in case for personal injuries. Error to the Superior Court

of Cook county; the Hon. MARCUS A. KAVANAGH, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1908. Reversed and remanded. Opinion filed March 9, 1909.

KRUSE & PEDEN, for plaintiff in error; OREB T. CRISSEY, of counsel.

EDWARD J. BRUNDAGE and JOHN R. CAVERLY, for defendant in error; M. R. HARRIS and EDWARD C. FITCH, of counsel.

MR. JUSTICE BAKER delivered the opinion of the court.

This writ of error brings before us for review a judgment of the Superior Court for the defendant, entered on a directed verdict for the defendant, in an action on the case, brought by plaintiff in error against defendant in error for personal injuries alleged by her to have been sustained through the negligence of the defendant. Plaintiff was injured May 3, 1905, and brought her action December 22, 1905.

The following act was approved May 15 and took effect July 1, 1905:

"1. No suit or action at law shall be brought or commenced in any court within this State for damages against any incorporated city, village or town by any person for an injury to his person unless such suit or action be commenced within one year from the time such injury was received or the cause of action accrued.

"2. Any person who is about to bring any action or suit at law in any court against any incorporated city, village or town for damages on account of any personal injury shall, within six months from the date of injury, or when the cause of action accrued, either by himself, agent or attorney, file in the office of the city attorney (if there is a city attorney, and also in the office of the city clerk) a statement in writing, signed by such person, his agent or attorney, giving

the name of the person to whom such cause of action has accrued, the name and residence of person injured, the date and about the hour of the accident, the place or location where such accident occurred and the name and address of the attending physician (if any).

"3. If the notice provided for by section two of this act shall not be filed as provided in said section two, then any such suit brought against any such city shall be dismissed and the person to whom any such cause of action accrued for any personal injury shall be forever barred from further suing.

"4. All acts or parts of acts inconsistent with any of the provisions of this act are hereby repealed." Hurd's Stat. 1905, 1153.

The only question here presented is: Do the provisions of section 2 of the act above quoted requiring a statement in writing to be filed within six months, "after the date of the injury or when the cause of action accrued", apply to plaintiff's case, in which the injury occurred before the act took effect? Said section does not, in express terms, apply to cases in which the injury was sustained before the act took effect, nor are such cases, in express terms, exempted from its provisions. Manifestly said sections cannot be construed to apply to injuries sustained more than six months before the act took effect, for such a construction would bar all right of recovery for such injuries.

Said section, by its terms, requires such notice to be given only where the action is brought after the act takes effect. If it applies to injuries sustained before the act took effect, then if two persons were injured in the same accident, and one brought his action before the act took effect and the other afterwards, one could maintain his action and the other could not. Again, to so construe said section would be to bar the action of one who was injured only one day less than six months before the act took effect and failed to give the notice, as effectually as it would

the action of the plaintiff in this case who was injured almost two months before the act took effect. In the absence of clear and unequivocal language, we are unwilling to ascribe to the legislature the intention to enact a law so unequal in its operation and effect. We think the intention of the legislature, to be gathered from the act, and the subject-matter to which it applies, was that the act should apply only to injuries sustained after the act took effect and not to injuries sustained before it took effect. This was the construction given to similar statutes in Angell v. West Bay City, 117 Mich. 685, and Sehl v. Syracuse, 81 N. Y. S. 482.

We think the trial court erred in directing a verdict for the defendant and in overruling the motion of the plaintiff for a new trial, and the judgment will be reversed and the cause remanded.

*Reversed and remanded.*