DETERMINED IN THE

## FIRST DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

### DURING THE YEAR 1910.

Mary Geraldine Neville, Appellee, v. City of Chicago, Appellant.

### Gen. No. 15,031.

1. STATUTE OF LIMITATIONS—*when not retroactive.* The Act which became operative July 1, 1905, providing for notice to cities of injuries sustained, etc., and the commencement of an action thereon within one year, is not retroactive in its effect.

2. DAMAGES—*when award cannot be made for personal injuries.* An award of damages for personal injuries will not be sustained if such injuries are not directly traceable to the accident resulting from the negligence charged against the defendant.

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in this court at the October term, 1908. Reversed and remanded. Opinion filed April 18, 1910.

JOHN R. CAVERLY, for appellant; MADISON R. HARRIS, DAVID T. ALEXANDER and ROBERT R. BALDWIN, of counsel.

T. F. LARAMIE, for appellee; W. A. LEVY, of counsel.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

The plaintiff, Mary Geraldine Neville, when about the age of nine years and on June 18, 1896, while on her way homeward from school, met with an accident through a defect in a plank sidewalk of the defendant

(537)

municipality, over which she passed. In falling below the surface of the walk a sliver from a plank penetrated her sexual organ. She bled considerably and was attended by a physician, under whose care she soon made an apparent recovery from the injury and resumed attendance at school. At about the age of fourteen years she left school and worked in the establishment of a manufacturer of patent medicines, doing office work during a period of three years, with some interruptions. She attended a business college and learned stenography and was afterwards employed as a stenographer in several offices. At the age of sixteen years she menstruated, as she says,, "with the regular periods, continuing for a couple of days, never longer than three". On April 6, 1907, plaintiff underwent an operation known surgically as "ovariotomy". Her fallopian tubes and ovaries were removed. On September 3, 1907, she was again operated upon for a "fissure of the anus", from which she suffered. Both operations were successful and her recovery was as complete as is usual in successful operations of such a character. Subsequent to these operations plaintiff worked as a stenographer and was so engaged to within a short time of the trial in the Superior Court. It is claimed that the conditions making necessary these painful operations, followed with more or less distressing results, are attributable to the injuries received from the accident of June 18, 1896. Plaintiff was born May 6, 1887. She attained her majority on May 6, 1905. This suit was commenced April 23, 1907. Defendant pleaded the general issues and a special plea of the statute of limitations in force July 1, 1905. A demurrer to the limitation plea was sustained. A trial resulted in a verdict and judgment for $9,000. The customary objections and exceptions were made and preserved on the overruling of the motion for a new trial and the entry of judgment upon the verdict. By this appeal defendant asks a reversal of the judgment of the trial court and upon sufficient assignment

of error argues that the action is barred by the 1905 statute of limitations; that the injuries of plaintiff did not result from the accident; that defendant was not negligent; that the damages are excessive for the injuries attributable to the accident, and that the verdict is the result of passion and prejudice of the jury, incited by the remarks of plaintiff's counsel in his closing address to the jury.

We think the evidence sufficient to justify the jury in concluding that the city negligently maintained the plank sidewalk which injured plaintiff June 18, 1896, and that their verdict as to such negligence is sustained by the evidence.   The verdict of the jury is excessive, as we shall hereafter demonstrate, although we fail to find anything in the record justifying the inference that there were improper remarks by counsel to the jury in the final summing up of the case, calculated to incite their passions or prejudice, or that the excessive assessment of damages is in any way attributable to such remarks.

At the time plaintiff attained her majority and was therefore able to commence this action, the limitation statute applicable to actions of this nature barred the right to sue after the lapse of two years from the accruing of the action, saving only the rights of parties resting under legal disabilities.   Plaintiff's disability of minority being removed in the then condition of the law, she had two years in which to begin this action. But thereafter the law making power of the state reduced the period of limitation from two years to one year.   The new law became operative July 1, 1905, and this suit initiated April 23, 1907.   If the new statute had retroactive effect, then the sustaining of the demurrer to the special plea setting up the one year limitation statute as a bar was error; but if the new law had no retroactive effect, then the ruling on the demurrer was correct, as also instruction 4, which told the jury as a matter of law plaintiff had two years from the attaining of her majority in which to bring

her action. By the terms of the Act of 1905 all Acts inconsistent with it were repealed. This limitation Act had other provisions requiring certain notices to be given as conditions precedent to the right to prosecute an action for personal injuries against the City. It is insisted by defendant that the 1905 statute controlled plaintiff's rights, and that it is a bar to her suit. We have examined the authorities on this subject with some care, and do not extract from them the doctrine that such statutes are retroactive. If defendant's contention was well taken, plaintiff could not maintain her suit because the time for giving notices required by the Act expired years before the Act took effect, thus making the giving of the notices, essential to the right of recovery, impossible, and requiring the court, for lack of them, to dismiss the suit. Hathaway v. Merchants Trust Co., 218 Ill. 580, is the latest expression of the Supreme Court on this subject, and is, in our opinion, decisive of the question adversely to defendant's contention. The Hathaway case is analogous to this. There, as here, the period to initiate litigation had been reduced from two years to one year. Here the action is case for personal injuries, while in the Hathaway case the right to file and have allowed a claim against a testate estate in the Probate Court was involved. There is no distinction in principle, and the rule announced in the Hathaway case is of equal application here and is as controlling and decisive.

An analysis of the evidence in the record fails, in our opinion, to sustain the claim that the permanent and severe complaints suffered by plaintiff are traceable to the injuries sustained as a result of the accident or that such injuries were the proximate or inciting cause of such permanent ailments. So far as the verdict awarded damages for such serious and permanent injuries, it rested largely for its support in surmise and conjecture. From neither the testimony of the attending physician nor the history of the case from

the happening of the accident to the time when plaintiff attained to the age of puberty and had her menstrual periods, can it be gathered as an affirmative fact that the diseased condition of plaintiff's ovaries and fallopian tubes was traceable to the injuries inflicted at the time of the accident. There is nothing of any serious consequence to be gathered from the history of plaintiff's case following her apparent recovery from the visible injuries resulting from the accident to the time of her maturity differentiating her condition from that of the ordinary normal girl in her sphere of life. She attended school and pursued her studies in the usual way and with satisfactory results for one of her age. She afterwards worked at various callings, including that of a stenographer, after leaving school, with about the same results which ordinarily occur to girls engaged in like or similar avocations. The ovarian difficulties from which she subsequently suffered frequently, it is not denied, afflict young women, both married and single, who have not met with accidents such as the one which occurred to plaintiff. That traumatism is not ordinarily the precursor of such maladies is inferable from the evidence. Stress is laid upon the contention that there was a penetration through the walls of the vagina and that to that fact the diseased ovarian condition of plaintiff is traceable. But the attending physician did not so testify, as we gather from his testimony. He was the only witness examined who had the opportunity of discovering such a condition, if it existed. He testified "that there was no penetration of the walls of the vagina" and further that on his examination he did not discover any penetration of the walls of the vagina, although he added "but there might have been". When an opportunity presents itself to ascertain a fact and that fact is not so ascertained, damages cannot be assessed on a presumption of what might have been the fact. Proof of the actual condition establishing the fact cannot be dispensed with. Again, the operating physi-

cian testified that in his opinion "an injury such as would likely occur from such violence might cause the conditions which I found at that operation". This is altogether too indefinite to warrant an assessment of damages. The element of certainty is lacking. The seriousness of such indefinite evidence as to actual conditions is plainly apparent from the testimony of plaintiff's physician answering hypothetically on the assumption that the vaginal wall was penetrated as a result of the accident. Answering this question, "Assuming that there was no penetration of the vaginal walls" he said "that would change the history of the case entirely. I based my opinion on the history of the case, and if there was no penetration of the vaginal walls, then I would say that the probability was that there was no penetration of the rectal wall". The evidence is lacking in affirmatively demonstrating that the ovarian, fallopian and fissure of the anus troubles for the relief of which plaintiff was surgically operated upon, are directly traceable to the accident resulting from the negligence charged against defendant and for which damages in compensation are assessable. When it is borne in mind that three medical men, testifying as experts for defendant, swore that they could not see any causal connection between the injuries described and the ovarian tumor discovered in plaintiff nine or ten years afterwards, the insufficient character of the testimony is apparent. There is no evidence of injury to plaintiff's womb, ovaries or fallopian tubes at the time of the accident, or that there was any penetration of the vaginal wall at that occurrence. The most serious injury was to the vaginal canal. There is no causal connection between the injuries suffered and the diseased condition of the ovaries and other organs necessitating operations for their removal.

The verdict, in so far as it assessed damages for the maladies suffered by plaintiff for the relief of which she was operated upon surgically, is excessive and not supported by the evidence. The judgment of the

Superior Court is therefore reversed and the cause is remanded.

*Reversed and remanded.*