McCULLOCH & McCULLOCH, for appellant.

HARRIS F. WILLIAMS and CHYTRAUS, HEALY & FROST, for appellee.

MR. JUSTICE SCANLAN delivered the opinion of the court.

---

**James Ryan, Appellee, v. City of Chicago, Appellant.**

**Gen. No. 19,280.    (Not to be reported in full.)**

Appeal from the Circuit Court of Cook county; the Hon. CHARLES H. BOWLES, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Affirmed. Opinion filed May 21, 1914.

### Statement of the Case.

Action by James Ryan against City of Chicago to recover damages claimed to have been sustained by plaintiff as the result of personal injuries received by him from a fall on a public sidewalk on Grand avenue in the City of Chicago. It appeared that the sidewalk where the injury occurred consisted of five flagstones, each about five ft. by ten ft., that there was a complete break across the middle of one of the stones so that each half sloped towards the break, that the sidewalk at one end of the break was about two inches below the general level of the walk and that at the other end of the break it was about four inches below the general level. The accident happened when it was dark and there was a brisk wind. Snow had fallen and was still falling at the time of the accident, and all depressions on the sidewalk had been covered by the snow. Plaintiff while walking along the sidewalk at such point struck his foot in the deep end of the break

and tripped and fell heavily to the sidewalk, striking on his right leg, his right thigh and his right side and sustained serious injuries. From a judgment in favor of plaintiff for $12,700, defendant appeals.

WILLIAM H. SEXTON and N. L. PIOTROWSKI, for appellant; DAVID R. LEVY, of counsel.

AARON R. EPPSTEIN, for appellee.

MR. JUSTICE SCANLAN delivered the opinion of the court.

### Abstract of the Decision.

1. MUNICIPAL CORPORATIONS, § 1223*—*retroactive effect of statute requiring notice to city of personal injuries.* Section 7, ch. 70, Hurd's R. S., J. & A. ¶ 6190, providing for notice to the City of personal injuries, *held* not to apply to injuries sustained before the act went into effect.

2. MUNICIPAL CORPORATIONS, § 1063*—*when pedestrian not negligent as matter of law.* Where a pedestrian knows of the defective condition of a sidewalk and walks thereon, his doing so with such knowledge is not negligence *per se* as a matter of law.

3. APPEAL AND ERROR, § 1241*—*when party cannot complain of his adversary's instructions.* A party cannot complain of instructions given for his adversary where his own instructions given are chargeable with the same fault.

4. MUNICIPAL CORPORATIONS, § 1084*—*defenses in suit for injuries resulting from defective sidewalk.* In an action against a City for personal injuries alleged to have been caused by failure of the City to keep a sidewalk in good and safe repair, a defense that the City is not liable unless the method and plan of construction was dangerous, as a matter of law, cannot be considered.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.