Walter Lee Barrett, Appellant, v. Chicago Transit Authority, Appellee.

Gen. No. 45,700.

Opinion filed September 23, 1952. Released for publication October 14, 1952.

ALGOT R. JOHNSON, of Chicago, for appellant; C. VERNON THOMPSON, of Chicago, of counsel.

THOMAS C. STRACHAN, JR., JAMES O. DWIGHT, ERWIN H. WRIGHT, and ARTHUR J. DONOVAN, all of Chicago,

for appellee, JAMES E. HASTINGS, of Chicago, of counsel.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

In November 1930 plaintiff was struck and injured by a Chicago Surface Lines' streetcar. At the time plaintiff was four years old. On June 27, 1947, plaintiff attained his majority. On October 1, 1947, the surface lines' system was transferred to the Chicago Transit Authority pursuant to the Metropolitan Transit Authority Act passed by the Illinois General Assembly in 1945. Part of the consideration for the property, which included damage reserve funds established to meet such liabilities as the one here involved, was an agreement by the Chicago Transit Authority to assume and pay the lawful obligations and liabilities of the Chicago Surface Lines existing at the time of the acquisition. (Chicago Transit Authority Ordinance, section 16.) The Metropolitan Transit Authority Act provides as follows:

"No civil action shall be commenced in any court against the Authority by any person for any injury to his person unless it is commenced within one year from the date the injury was received or the cause of action accrued. Within six (6) months from the date that such an injury was received or such cause of action accrued, any person who is about to commence any civil action in any court against the Authority for damages on account of any injury to his person shall file * * * a statement, in writing * * *. If the notice provided for by this section is not filed as provided, any such civil action commenced against the Authority shall be dismissed and the person to whom any such cause of action accrued for any personal injury shall be forever barred from further suing." Ill. Rev. Stat.

85

(1951), ch. 111⅔, par. 341 [Jones Ill. Stats. Ann. 21.2064 (42)].

On June 26, 1948, plaintiff filed this suit. His original complaint alleged that the six months' notice required by statute had been given to the Chicago Transit Authority. The answer of the Chicago Transit Authority denied the giving of such notice, and thereupon plaintiff dropped that allegation and proceeded on the theory that in this case, statutory notice was not necessary. Defendant then moved to dismiss plaintiff's amended complaint for failure to allege the requisite notice, and on June 6, 1951, defendant's motion was granted, judgment was entered against plaintiff, and this appeal was taken.

█ The controlling issue is whether this is a cause of action for damages on account of injuries to the person within the meaning of the Act. The suit is based essentially upon the contract whereby the Chicago Transit Authority assumed the liabilities of the Chicago Surface Lines, and this gives it a character quite apart from that of a personal injury suit. The gravamen of the action is breach of the contract between the Chicago Transit Authority and the Chicago Surface Lines, with respect to which plaintiff is a third-party beneficiary. That is the only basis upon which the Chicago Transit Authority could be held liable. The damages are damages growing out of that breach. True, these damages will correspond to the damages sustained by plaintiff for personal injuries, but, nevertheless, as to the Chicago Transit Authority the damages recovered will be damages because of its failure to discharge an obligation of the Chicago Surface Lines in accordance with the contract. The right of plaintiff to sue as a third-party beneficiary of that contract is not challenged by defendant.

█ The conclusion we have drawn is fortified by an analysis of another point in the case. In addition

86

to arguing that as against defendant this is not a cause of action for personal injuries within the meaning of the statute, plaintiff argues that the cause of action accrued long prior to the Act; that this Act is not retroactive and hence does not apply to this case. *Weber v. City of Chicago,* 147 Ill. App. 431–2–4; *Neville v. City of Chicago,* 154 Ill. App. 537–9–40; *Ryan v. City of Chicago,* 187 Ill. App. 163–4. Defendant admits that the Act is not retroactive in its effect, but argues that the statute properly construed means that notice should be given within six months after the date of accrual of a cause of action against defendant, and not the date of its accrual to plaintiff as against any third person; that this cause of action accrued against defendant on the date on which the contract between defendant and the Chicago Surface Lines became effective, to wit: October 1, 1947; and that hence notice should have been given within six months of that date. We have carefully considered this argument and it appears to us that what happened on that date was not accrual of the cause of action against defendant for personal injuries, but the accrual to plaintiff of a right as a third-party beneficiary to sue defendant for breach of the contract between it and the Chicago Surface Lines.

 The primary rule of statutory construction is to give effect to the legislative intent. For that purpose, courts consider the circumstances and conditions under which the legislation is enacted and the evils or injustices sought to be corrected. *Hoyne v. Danisch,* 264 Ill. 467; *People v. Kipley,* 171 Ill. 44; *Hogan v. Akin,* 181 Ill. 448; *Krome v. Halbert,* 263 Ill. 172; *Anderson v. City of Park Ridge,* 396 Ill. 235, 254. The prerequisite of notice such as is involved in this case has by law been made applicable only to the Chicago Transit Authority and other municipal corporations. It was designed to avoid the evils resulting from the

institution of suits against a municipality based on facts of which the municipality might have no information and of which it ought to be advised promptly in order to enable it to investigate the circumstances of the case effectively. No such prerequisite of notice has been required by law as to individuals or private corporations. We must conclude, therefore, that it was intended by the legislature that the law should be very limited in its scope. Special considerations relating to the operation and management of properties or the handling of such claims by municipal corporations must have induced the need for the special treatment accorded them by this legislation. In the instant case a municipal corporation which has been granted this special protection by law has, for a consideration, assumed the liabilities of a private corporation not so favored. Not only did defendant assume these liabilities in consideration of the general obligations of the contract whereby it acquired the properties of the Chicago Surface Lines, but specific funds held in reserve by the Chicago Surface Lines were transferred to defendant for the discharge of these liabilities. It is not plausible that it was ever intended that such legislation should be extended to causes of action of the kind here involved. It is our conclusion that this is not a suit within the meaning of the Act in question.

The order of the trial court is hereby reversed and the cause is remanded with directions to overrule defendant's motion to dismiss the complaint and to require defendant to file an answer within a time to be fixed by the trial court.

*Order of trial court reversed and cause remanded with directions.*

Robson, P. J. and Tuohy, J., concur.