## Walter Lee Barrett, Appellant, v. Chicago Transit Authority, a Municipal Corporation, Appellee.

### Gen. No. 46,773.

First District, Third Division.
June 13, 1956.
Released for publication September 12, 1956.

Moore, Ming & Leighton, of Chicago, for appellant; George N. Leighton, of counsel.

Thomas C. Strachan, Jr., Arthur J. Donovan, James A. Mahoney, all of Chicago, for appellee; James E. Hastings, of Chicago, of counsel.

JUDGE KILEY delivered the opinion of the court.

This appeal is by plaintiff from an order of April 14, 1955, dismissing the suit on defendant's motion.

Plaintiff originally sued defendant for damages in 1948 in the Superior Court of Cook county, alleging an injury due to the negligence of the Chicago Surface Lines, defendant's predecessor. The alleged injury occurred in 1930, when plaintiff was four years old, and the suit was begun when he attained majority. The suit was dismissed for lack of allegation of statutory notice to defendant. This court reversed and remanded, holding that the notice was unnecessary and stating that, "The gravamen of the action is breach of the contract between the Chicago Transit Authority and the Chicago Surface Lines, with respect to which plaintiff is a third-party beneficiary." (348 Ill. App. 83, 86.) The contract referred to was that of September 1947, whereby defendant assumed all the lawful liabilities of the Chicago Surface Lines. Plaintiff did not file the mandate of this court within the one year allowed by statute (Chap. 110, Par. 212 (3) Ill. Rev. Stat. 1951) whereupon the trial court dismissed the cause when plaintiff thereafter attempted to reinstate the cause of action. There was no appeal from that order of dismissal.

The instant suit was begun in February 1955, seven and one-half years after plaintiff reached his majority, relying on the third-party beneficiary theory. Defendant moved to dismiss on the grounds that the two-year statute of limitations barred the action and that the prior suit, on the same facts, had been dismissed for failure to file the mandate within the proper time and that the original judgment against plaintiff therefore stands. The trial court sustained this motion and entered judgment for defendant. This is the judgment from which plaintiff appeals.

A vital question of law presented in this court is whether, assuming under the prior opinion of this

court that "the gravamen of the action" is contract and not tort, the five-year or the ten-year contract limitation on contract actions applies?

The 1947 agreement between defendant and Chicago Surface Lines in no way indicates, of itself, that plaintiff was among that class of benefited persons, liability to which defendant assumed. Parol evidence therefore would be needed in order to establish this fact, which cannot be ascertained from the instrument. The contract accordingly is not a written contract, and the five-year statute of limitations applied. (Novosk v. Reznick, 323 Ill. App. 544, 550–551; Orminski v. Hyland Electrical Supply Co., 326 Ill. App. 392, 398; Mullberg v. Johnson, 340 Ill. App. 92.) Plaintiff's action, being filed more than seven years after it accrued to him is now barred.

We need consider no other point. For the reason given the judgment is affirmed.

Affirmed.

LEWE, P. J. and FEINBERG, J., concur.