EDWARD H. NEVITT

*v.*

CHARLES H. WOODBURN, Admr.

*Filed at Ottawa October 11, 1895—Rehearing denied March 13, 1896.*

1. RES JUDICATA—*judgment against executor binds his surety.*  A judgment against an executor for money due from him, as such, to the estate, is binding on the surety on his bond, and cannot be collaterally attacked in an action on the bond.

2. LIMITATIONS—*when statute begins to run against suit on executor's bond.*  The Statute of Limitations begins to run against a suit on an executor's bond, for a sum found due from him to the estate, from the date of a final judgment for the amount as reduced by direction of an appellate court on review, rather than from the date of the earlier judgment which was reviewed and so reduced.

3. SAME—*does not run while suit is pending.*  The Statute of Limitations does not run while an action to recover the matter in dispute is pending, and such a suit is pending until final judgment.

4. EXECUTORS AND ADMINISTRATORS—*judgment against—recovery against surety on bond.*  That a judgment against an executor who has been removed does not order the amount to be paid to the administrator *de bonis non*, who had not been appointed when the judgment was rendered, will not prevent recovery by such administrator on the bond for the amount found due.

5. DEMAND—*not necessary before suing on executor's bond.*  A demand is not necessary to a suit upon an executor's bond, under section 39 of the Administration act.

6. SURETIES—*of executor—what will not relieve from liability.*  A surety on an executor's bond is not relieved from liability for an

amount found due from the executor to the estate because the judgment against the executor therefor was rendered after his removal, and against him individually after reduction of an original judgment by an appellate court, as jurisdiction over him and of the subject matter was not lost.

*Nevitt* v. *Woodburn,* 56 Ill. App. 346, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Whiteside county; the Hon. JOHN D. CRABTREE, Judge, presiding.

JARVIS DINSMOOR, for appellant:

Sureties on an executorial bond are not liable for the proceeds of real estate. *Hutcherson* v. *Pigg,* 8 Gratt. 220; *Commonwealth* v. *Gilson,* 8 Watts, 214; 1 Perry on Trusts, p. 334, sec. 262.

Ege's liability to pay the $1841 found against him by the decree of July 9, 1888, is not in consequence of the bond, and hence the surety is not liable therefor. This $1841 arose from an unfaithful execution of the trust power in the will, and was the proceeds of real estate, and this default does not contravene any condition of the bond. Sureties on an executorial bond are not liable for the proceeds of real estate. *Perkins* v. *Lewis,* 41 Ala. 649; *Jones* v. *Hobson,* 2 Rand. 483; *Probate Court* v. *Hazard,* 13 R. I. 3; *Gooken* v. *True,* 3 N. H. 288; *Leavitt* v. *Wooster,* 14 id. 566; *Reed* v. *Commonwealth,* 11 S. & R. 441; *Hinds* v. *Hinds,* 85 Ind. 312.

Nevitt is no longer liable to be sued upon this bond, because more than ten years has elapsed since there was a right of action. The execution of the bond, and the breach, constitute the cause of action. *Bonham* v. *People,* 102 Ill. 434.

The sheriff made a demand on Ege under and in pursuance of the decree of October 9, 1882, on December 11, 1882. The liability of the surety, Nevitt, on said bond began running thirty days thereafter, to-wit, January 12,

o

1883. · This action was begun April 28, 1893.   The suit is therefore barred.   *Frank* v. *People,* 147 Ill. 105.

When the statute begins to run it continues to run. *Keil* v. *Healey,* 84 Ill. 108 ; *Peoria* v. *Gordon,* 82 id. 435 ; *Cotterell* v. *Dutton,* 4 Taunt. 826.

Actions on bonds should be commenced within ten years next after the cause of action accrues.   Rev. Stat. chap. 83, sec. 16.

JOHN G. MANAHAN, for appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

This is an action of debt, begun on April 28, 1893, in the name of the People for the use of Charles H. Wood-· burn, administrator *de bonis non* of the estate of George W. Woodburn, deceased, against the appellant, Edward H. Nevitt and others, sureties upon the bond of Peter Ege as executor of the will of said George W. Woodburn. Appellant was the only one of the defendants who was served.   Pleas were filed to the declaration; replications were filed to the pleas ; the cause was tried before a jury; and the trial resulted in verdict and judgment for the plaintiff for $7000.00 debt and $2412.00 damages, the latter being the sum of $1841.00 hereinafter mentioned and interest thereon.

George W. Woodburn died on April 19, 1872, in Whiteside county, and left a will in which he appointed his nephew, Peter Ege, his executor, with power to sell his real estate for the payment of his debts and for the purpose of raising a fund sufficient to pay out of the interest thereon to his wife $1000.00 per year for her support during her lifetime, and, at her death, to go to his son, James H. Woodburn, during his lifetime, etc.   Ege was appointed executor on October 2, 1872, and executed a bond, dated on that day, in the sum of $7000.00, with appellant and two others as sureties, conditioned, as required of executors by the statute then in force, that he

would make and exhibit in the county court a true and perfect inventory, etc., that he would render to said court a just account of his doings as executor, and well and truly fulfill the duties enjoined upon him in said will; that he would pay and deliver the legacies and bequests therein contained to the parties thereto entitled, so far as the estate of the testator should extend, according to the value thereof, and as the law should charge him; and in general that he would do all other acts that might be required of him by law. (Rev. Stat. 1874, p. 105, chap. 3, sec. 7).

On October 13, 1882, Ege was removed, and his letters testamentary were revoked by the county court of Whiteside county for waste and mismanagement of the estate and neglect and refusal to perform the duties of his trust. Subsequently Charles H. Woodburn was appointed by said court administrator *de bonis non* with the will annexed. This suit is brought under section 39 of the Administration act, which provides as follows: "In all cases where any such executor or administrator shall have his letters revoked, he shall be liable on his bond to such subsequent administrator, or to any other person aggrieved, for any mismanagement of the estate committed to his care; and the subsequent administrator may have and maintain actions against such former executor or administrator for all such goods, chattels, debts and credits as shall come to his possession, and which are withheld, or have been wasted, embezzled or misapplied, and no satisfaction made for the same." (1 Starr & Cur. Stat. p. 208).

In order to establish a breach of the conditions of the bond, plaintiff introduced in evidence a decree of the circuit court of Whiteside county entered on July 9, 1888, and, in connection therewith, another decree of said court entered in the same cause theretofore on October 9, 1882. As will appear by reference to *Woodburn* v. *Woodburn*, 123 Ill. 608, a bill had been filed in said court by James H.

Woodburn, the son and heir of George W. Woodburn, deceased, against the widow, Phebe A. Woodburn, to enjoin a suit at law and correct a mistake in a deed, and the widow had therein filed a cross-bill against her son to set aside a certain agreement; a bill had also been filed by the widow against Peter Ege, the executor, for an accounting; there were also then pending in said circuit court two appeals taken by said executor, Peter Ege, from two orders entered by the county court in the matter of said estate, one, an order made upon the final report of said executor to the county court, and the other, an order directing the executor to pay over to the widow a certain sum found to be due from him. These chancery causes and appeals from the county court were consolidated, and one decree was entered therein on October 9, 1882, which is the decree introduced in evidence as above stated. That portion of said decree, which has reference to the final report of the executor to the county court, recites, that "the court being fully advised in the premises in the matter of the appeal of Peter Ege as executor of the last will and testament of George W. Woodburn, deceased, from the county court of said county on the final report of said executor, doth find that there is due the estate of said deceased from the said executor the sum of $8604.52;" and the decree then proceeds to order and adjudge that Ege pay said sum with interest from the date of the decree within thirty days, and, in default thereof, that execution issue, etc.

This decree of October 9, 1882, was taken by writ of error for review to the Appellate Court, and was thence brought by appeal to this court, and the decision upon it is reported as *Woodburn* v. *Woodburn, supra.* We there held that, so far as said sum of $8604.52—"with which Ege was charged as executor, and for which judgment was rendered against him in favor of the estate,"—was made up of a certain note for $3050.00 and interest thereon, it was erroneous, and we said: "We decide noth-

ing more against the indebtedness found due from Ege as executor to the estate of George W. Woodburn than in respect of this note—that he should not have been charged therewith." The judgment entered in that case was a judgment reversing the decree and judgment of the circuit court, and remanding the cause for further proceedings conformable to the opinion.

The decree of July 9, 1888, recites that James H. Woodburn had sued out from the Appellate Court a writ of error, directed to said Phebe A. Woodburn and James Ege, to reverse in part said decree of October 9, 1882, and had prosecuted the same to a hearing in said court; that said Phebe A. Woodburn had appealed from the judgment of the Appellate Court in said cause to the Supreme Court of Illinois, and had prosecuted her appeal to final judgment; that the parties appeared by counsel, and the mandate and opinion of the Supreme Court were filed and read; that the said Ege was present *pro se;* that the cause was referred to the master to state the account against the said Ege in accordance with the decision of the Supreme Court; and the decree, after the statement of the account by the master was read and heard, adjudges, "that by eliminating the said note of James H. Woodburn for the original sum of $3050.00 in accordance with the order of the Supreme Court, and correcting said decree made in said cause October 9, 1882, the balance against said Peter Ege shall be the sum of $1369.13; and the same shall be, with interest from said 9th day of October, A. D. 1882, the amount due said estate from said Peter Ege, and which is found by the court to be the total amount, the sum of $1841.00; which said last mentioned sum said Peter Ege is * * * ordered to pay * * * within thirty days," etc.

*First*—The main point made by appellant is, that the trial court erred in refusing to permit him to introduce certain evidence for the alleged purpose of showing, that the sum, stated in the declaration to have come into the

executor's hands, to-wit: $1841.00, was the proceeds of certain lands sold by the executor as trustee.   Upon this branch of the case counsel for appellant refers us to a large number of authorities, holding that executors may act in a double capacity, as executors by virtue of their office, and as agents or trustees under a warrant of attorney; that only the powers and duties of executor, which result from the nature of that office, devolve upon an administrator with the will annexed; that the authority to act as trustee does not devolve upon such administrator; that sureties on the bond of an executor are not liable for the proceeds of real estate; that default in the payment of the proceeds of real estate, arising from the execution of a trust power in the will, does not contravene any condition of the executor's bond; that the liability to pay over such proceeds is not in consequence of the bond; and, hence, that such liability cannot be enforced against the sureties.   We do not deem it necessary to discuss these authorities, or to pass any opinion upon the doctrine announced by them.

It is sufficient to say, so far as the present case is concerned, that the decree of 1888 was produced in evidence and read in connection with the decree of 1882.   It thus appears, that judgment was rendered against Peter Ege, the principal in the bond, for money due from him *as executor* to the estate of George W. Woodburn.   This finding, that the executor *as such* owed the money to the estate is binding on the surety.   "As a general rule, sureties upon official bonds are not concluded by a decree or judgment against their principal, unless they have had their day in court or an opportunity to be heard in their defense; but administration bonds seem to form an exception to this general rule, and the sureties thereon, in respect of their liability for the default of the principal, seem to be classed with such sureties as covenant that their principal shall do a particular act." (*Irwin* v. *Backus*, 25 Cal. 214).   The liability of a surety upon an

administration bond is fixed by the judgment against his principal; and this is so by reason of the terms of his obligation, which are substantially those of the bond sued on in this case, as above set forth. It results from the nature of the obligation entered into by a surety on an administration or executor's bond, that he is bound and concluded by the judgment against his principal in the absence of fraud or collusion. (1 Woerner's Am. Law of Administration, sec. 255; 2 Black on Judgments, sec. 589; *Ralston* v. *Wood,* 15 Ill. 159; *Housh* v. *People,* 66 id. 178; *Stovall* v. *Banks,* 10 Wall. 583; *City of Chicago* v. *Gage,* 95 Ill. 593). The judgment against the principal in such case is *res judicata,* and cannot be collaterally attacked in the action on the bond.

Counsel for appellant claims, that the county court had no jurisdiction to charge the executor with the proceeds of real estate sold under a power in the will, conferred upon him as a personal trust and by reason of the testator's confidence in him; and that, therefore, a judgment, based upon an account, or a report, containing such a charge, could be attacked collaterally. Even if this were so, counsel did not offer to introduce proper evidence to show that the judgment was founded upon a charge for the proceeds of the sale of real estate. He proposed to introduce the first report of the executor as to the disposition of the personal property described in the inventory, and the second report which mentions only the note for $3050.00, but did not offer the final report of the executor mentioned in the decree of 1882. If the sum of $1841.00 represented the proceeds of the sale of real estate, the final report upon which the decree of 1882 was based, was the proper evidence of the fact. The account in such report would be considered a part of the judgment itself, and would show the nature of each of the several items therein embraced and of the judgment of the court upon each item. The items, over which the probate court was held to have no jurisdiction, were

shown by the guardian's account in *People* v. *Seelye*, 146
Ill. 189, and by the administrator's account in *Probate
Court of Newport* v. *Hazard*, 13 R. I. 3.   Whatever personal
trust the executor was required by the will to execute as
trustee related to the sale of the real estate for the pur-
pose of raising a fund for the support of the widow.   As
the decree of 1882 contains a separate order directing
Ege to pay $859.86 to the widow, it would appear from
the face of the decree itself, that the amount found due
on the final report of the executor did not include the
proceeds of real estate derived from the execution of the
personal trust.

*Second.*—The Statute of Limitations was pleaded to
the declaration, and it is claimed that the action was
barred upon the alleged ground that it did not accrue
within ten years next before the commencement of the
suit.   Counsel for appellant claims, that execution was
issued upon the decree of October 9, 1882; that demand
was made thereon by the sheriff on December 11, 1882;
that thirty days thereafter, to-wit: on January 12, 1883,
the liability of the surety began to run; and that, as this
action was not commenced until April 28, 1893, the ten
years had passed and the bar was complete.   We think,
that the cause of action accrued on July 9, 1888, when
the final decree for $1841.00 was entered against Ege.
Ten years had not elapsed after that date and before the
beginning of the suit.

Section 16 of the Limitation act provides, that "ac-
tions on bonds  *  *  *  shall be commenced within ten
years next after the cause of action accrued." (2 Starr &
Cur. Stat. p. 1553).   The cause of action is not the mak-
ing of the bond, but consists of the execution of the bond
and the breach of the condition of the bond.   (*Bonham* v.
*People*, 102 Ill. 434).   In an action upon an executor's or
administrator's bond, the foundation of the right of re-
covery is the liability of the principal and sureties to pay
the judgment against the principal, when such judgment

has been rendered. The cause of action accrues upon the failure of the executor or administrator to pay the judgment so rendered against him. (*People* v. *Seelye, supra; Frank* v. *People*, 147 Ill. 105). In the case at bar, although the original judgment or decree was rendered against the executor on October 9, 1882, yet that judgment was taken for review by writ of error to the Appellate Court and by appeal to the Supreme Court, and finally reversed as being too large; and, upon a remandment of the cause, a new judgment was rendered for the correct amount as reduced by the reviewing court. The suit was pending until the final decree of July, 1888. The Statute of Limitations does not run while the action to recover the matter in dispute is pending. (*Chicago and Northwestern Railway Co.* v. *Jenkins*, 103 Ill. 588). The declaration counts upon the decree of 1888, and the decree of 1882 was introduced as explanatory of that of 1888. We are of the opinion that the plea of the Statute of Limitations does not constitute a good defense.

The case at bar differs from the case of *Peoria County* v. *Gordon*, 82 Ill. 435, in that here the judgment taken up by writ of error was reversed before the statutory period had run, while there the judgment appealed from was affirmed.

*Third*—It is said that the decree of 1888 is against Ege individually, and not against him as executor. When the decree of 1888 is read in connection with that of 1882, it sufficiently appears that the former was against the executor. It is true, that the letters testamentary of Ege, the executor, were revoked on October 13, 1882, but the decree of October 9, 1882, was rendered against him while he was executor, and for causes arising during his administration of the estate.

The case of *Slagle* v. *Entrekin*, 44 Ohio St. 637, is an instructive one upon this subject. That was an action by an administrator *de bonis non* upon the bond of the executors who were his predecessors, and their sureties,

to recover the amount found due the estate on the settlement of their accounts in the probate court. The executors had filed their final account, which was excepted to. A motion being made to remove them, they resigned, and their resignations were accepted before their account was settled. After their resignations the court heard the exceptions, and settled the account, and found a certain amount due from them to the estate, and ordered them to pay it. It was there held, that, where an administrator or executor resigns pending the settlement of his accounts, the court does not thereby lose jurisdiction over his person or over the settlement of his accounts, and may proceed to hear and determine exceptions thereto, and ascertain the amount due from him to the estate, in like manner as if he had continued in the execution of his trust. We apprehend, that the same rule applies where an executor has been removed. In the case at bar, the matter of the settlement of the executor's accounts was pending and unsettled when he was removed. The fact, that the judgment against him upon his final report was reduced by the reviewing court and a judgment for the reduced amount rendered against him in accordance with the decision of the reviewing court, did not deprive the court rendering the judgment of its jurisdiction over him, or over the subject matter of the judgment. We do not regard the third objection as well taken.

*Fourth*—It is said, that the judgment against Ege for the amount due from him on his final report did not order such amount to be paid to the administrator *de bonis non*. We do not regard this as material. The administrator *de bonis non* had not been appointed when the judgment was rendered. It was found, that the amount which he owed was due to the estate of the deceased; and this was sufficient. If it had been shown in this suit, that the amount so found due had been paid to an authorized representative of the estate before the appointment of the administrator *de bonis non*, the defense to the action

would have been complete; but no such proof was made. After his appointment the administrator *de bonis non* was entitled, under the statute, to maintain a suit against the former executor and the sureties on his bond, for the indebtedness of such former executor to the estate on account of assets received by him and converted to his own use. (*Hanifan* v. *Needles*, 108 Ill. 403 ; *Slagle* v. *Entrekin, supra*).

*Fifth*—It is furthermore contended that the declaration does not aver that a demand was made of Ege, the executor, for the amount for which the decree was rendered. The averment and proof of such demand are necessary when the suit is brought under section 115 of the Administration act. (1 Starr & Cur. Stat. p. 244). But this suit is brought under section 39 above set forth, which does not seem to require a demand to be made. It appears that the executor, Ege, appeared and filed exceptions when the decree of 1882 was entered, and that he was present in court in his own behalf when the decree of 1888 was entered. In each decree he was given thirty days from the filing thereof to pay the amount found due from him. The appellant admits, however, that demand was made of Ege by the sheriff on December 11, 1882, for the sum ordered to be paid by the decree of 1882.

We are inclined to think that there was no error in overruling the motion in arrest of judgment, such motion being based upon the two alleged defects in the declaration which have been last hereinbefore considered, to-wit: because there was no order of the county court directing Ege to pay the administrator *de bonis non cum testamento annexo*, and because no demand is alleged in the declaration.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*