---

(No. 13243.—Reversed and remanded.)
JAMES MOWATT, Appellee, *vs.* THE CITY OF CHICAGO, Appellant.

*Opinion filed April 21, 1920.*

1. CONTRACTS—*both express and implied contracts are actionable in assumpsit.* Both express and implied contracts are actionable in assumpsit, as the nature of the understanding in both classes of contracts is the same and both are founded on the mutual agreement of the parties.

2. SAME—*express contracts are proved by direct and implied contracts by indirect evidence.* Express contracts are proved by direct evidence of an actual agreement while implied contracts are proved by evidence from which it is implied that the parties made an agreement under the circumstances and conditions disclosed.

3. SAME—*when action against city to recover money is based on implied contract.* An action in assumpsit against a city to compel it to refund money paid to indemnify it against damages for vacating an alley in accordance with the terms of an ordinance is based on an implied contract, where the plaintiff must rely upon oral testimony in order to make out a case.

4. SAME—*five year Statute of Limitations controls actions on implied contracts.* Where an action is brought upon a mere implied undertaking the five year Statute of Limitations applies.

5. SAME—*when a contract is oral and when written—Statute of Limitations.* A written contract is one of which all the terms are in writing, and a contract partly written and partly oral is in legal effect an oral contract, and is not in writing, within the meaning of the Statute of Limitations, if parol evidence must be introduced to sustain an action upon it.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH B. DAVID, Judge, presiding.

SAMUEL A. ETTELSON, Corporation Counsel, (FRANK S. RIGHEIMER, HENRY T. CHACE, JR., and GILBERT G. OGDEN, of counsel,) for appellant.

D. K. COCHRANE, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

Appellee brought this action in assumpsit in the superior court of Cook county against the city of Chicago to recover $659.96 paid by him to said city, to be held by it as an indemnity on account of the vacation of a certain alley in said city under a provision of an ordinance hereafter referred to. After the pleadings were settled and trial was had the superior court directed a verdict in favor of appellee. The trial judge thereafter certified that the validity of a municipal ordinance was involved and that in his opinion the public interest required that the cause should be taken directly to this court, and the case is here on appeal.

The record shows that on February 10, 1908, the city council of the appellant passed an ordinance vacating a certain alley between Fifty-first and Fifty-third streets, running from Prairie avenue about half way to Indiana avenue. The ordinance was substantially the same in its wording and conditions as that set out at some length in *Lockwood & Strickland Co.* v. *City of Chicago,* 279 Ill. 445, and reference may be had to that case for the terms of the ordinance

here. The evidence in the record shows that following the passage of the ordinance its terms had been complied with by the payment of $659.96 by the appellee to the city to indemnify it against any damages that might accrue on account of the vacation of said alley. There was no provision in the ordinance in any way referring to the refunding of the money at the expiration of five years. The five years during which, as stated in the *Lockwood case,* one sustaining damages from the closing of an alley can maintain an action against a city for such damages expired in this case in February, 1913. This action was instituted in the superior court December 26, 1918.

Appellant filed ten pleas to the declaration. The second plea was the Statute of Limitations, "that cause of action did not accrue at any time within five years before commencement of this suit." Appellee filed a demurrer to this plea, which was sustained by the trial court, and appellee elected to stand by the second plea. In view of our conclusion on the rulings of the court on this plea it is unnecessary for us to consider the other pleadings.

Counsel for appellant argue that the court erred in sustaining the demurrer to the second plea, as appellee brought this action on the theory that appellant was indebted to him under the ordinance in question, and if under the ruling of this court in the *Lockwood case, supra,* appellant was indebted to appellee under said ordinance, such right of action was based on an implied contract, which action is barred by the five year Statute of Limitations. Section 15 of the Illinois Statute of Limitations provides: "Actions on unwritten contracts, expressed or implied, * * * and all civil actions not otherwise provided for, shall be commenced within five years next after the cause of action accrued." (Hurd's Stat. 1917, p. 1889.) Section 16 of the same act, immediately following, provides in part: "Actions on bonds, promissory notes, bills of exchange, written leases, written contracts, or other evidences of indebtedness in writing,

shall be commenced within ten years next after the cause of action accrued."

Counsel for appellee earnestly argues that as this action is based on an ordinance it is based on a written contract, and therefore the ten year limitation under section 16, instead of the five year limitation under section 15, applies, and that as the cause was brought within ten years from the time the cause of action accrued it is not barred. The authorities hold there are two classes of contracts actionable in assumpsit. "When there is an actual promise the contract is said to be express; when there is no actual promise the contract is said to be implied. In some instances the promise is inferred from conduct and is spoken of as a promise implied in fact; in others the promise is purely fictitious and is spoken of as a promise implied in law. * * * Contracts implied in fact arise under circumstances which, according to the ordinary course of dealing and the common understanding of men, show a mutual intention to contract. * * * But as ordinarily understood, the only difference between an express contract and a contract implied in fact is that in the former the parties arrive at their agreement by words, either oral or written, sealed or unsealed, while in the latter their agreement is arrived at by a consideration of their acts and conduct. In both of these cases there is, in fact, a contract existing between the parties, the only difference being in the character of evidence necessary to establish it." (6 R. C. L. 587.) The nature of the understanding in both these classes of contracts is the same, and both express contracts and contracts implied in fact are founded on the mutual agreement of the parties. The one class is proved by direct, the other by indirect, evidence. One must be proved by an actual agreement, while in the other it will be implied that the party did make such an agreement under the circumstances and conditions disclosed. (13 Corpus Juris, 242.) A full discussion of these classes of contracts may be found in these two authorities and in

cases last cited, and also in *Highway Comrs.* v. *City of Bloomington,* 253 Ill. 164. This latter case is also published in 26 Ann. Cas. 471, with authorities cited in a somewhat extensive note at the close of the opinion. (See, also, *People* v. *Dummer,* 274 Ill. 637.) A reading of these authorities will compel the conclusion that this action must be held to be based on an implied contract, it being unnecessary to consider or decide here whether it is a contract implied in fact or in law, under the rulings of this court hereafter referred to with reference to the application of the Statute of Limitations.

In this State it has been held that if the action is brought upon a mere implied undertaking the five year Statute of Limitations controls. (*Knight* v. *St. Louis, Iron Mountain and Southern Railway Co.* 141 Ill. 110; *Bates* v. *Bates Machine Co.* 230 id. 619.) This court has held that a written contract is one in which all of its terms are in writing; that a contract partly in writing and partly oral is in legal effect an oral contract. If parol evidence must be introduced to sustain the action the contract is not in writing under this statute. (*Conductors' Benefit Ass'n* v. *Loomis,* 142 Ill. 560.) The following authorities support same conclusion: 25 Cyc. 1042; 1 Wood on Limitations, (4th ed.) sec. 57*f,* and cases cited; Bishop on Contracts, secs. 197-203, incl.; 3 Page on Law of Contracts, (2d ed.) sec. 1500, and authorities cited; *Dodd* v. *Board of Education,* 122 Cal. 106.

Conceding that counsel for appellee is correct in arguing that this action is based on the ordinance in question, under the reasoning of *Murphy* v. *Chicago, Rock Island and Pacific Railway Co.* 247 Ill. 614, *People* v. *Chicago Telephone Co.* 245 id. 121, *City of Chicago* v. *Chicago Telephone Co.* 230 id. 157, and other cases, it does not necessarily follow that the contract is a written contract so far as the Statute of Limitations is concerned. As has been stated, the contract is held by the authorities to be an oral one, as to the Statute of Limitations, if parol evidence is nec-

essary to show that there can be a recovery under the ordinance. Counsel for appellee recognized on the trial of the case in the superior court that such evidence had to be relied on, because he introduced oral testimony to show that the ordinance in question had been accepted by appellee by the recording of a certified copy thereof; that the money had been paid to the city as provided therein, and that the five year Statute of Limitations had run against claims for damages against the city as to persons claiming injury from the vacation of the alley. Under the reasoning of this court in *Knight* v. *St. Louis, Iron Mountain and Southern Railway Co. supra, Conductors' Benefit Ass'n* v. *Loomis, supra,* and the other authorities cited, as it was necessary to introduce this oral testimony in order to make out a case, it is shown conclusively that the cause was not based on a written contract as that phrase has been construed by this court in construing the Statute of Limitations. Furthermore, there can be no question, under the reasoning of this court on substantially the same ordinance in the *Lockwood case, supra,* that the right to recover from the city the money deposited as indemnity is authorized under an implied and not an express promise. This being so, the trial court erred in sustaining the demurrer to the second plea.

In view of our conclusion on this point the other questions urged in the briefs with reference to the validity of the municipal ordinance in question need not be considered or decided.

The judgment of the superior court will be reversed and the cause remanded to that court for further proceedings in harmony with the views herein expressed.

*Reversed and remanded.*