## BAKER v. HANCHETT.

No. 10624.

Court of Civil Appeals of Texas. San Antonio.

Nov. 15, 1939.

Rehearing Denied Dec. 13, 1939.

Neel & King, Nat B. King, M. J. Raymond, and Fred Wulff, all of Laredo, for appellant.

Gordon Gibson and Mitchell Schwartzman, both of Laredo, for appellee.

MURRAY, Justice.

Appellee, Miles L. Hanchett, instituted this suit in the District Court of Webb County against appellant, Norman Baker, seeking to recover for services allegedly rendered by appellee as a commission broker and agent.

The trial was to a jury who, by their answers, found in effect that appellee rendered services prior to August 1, 1932, of the value of $250, and that he rendered services after August 1, 1932, of the value of $700. The trial court seemingly regarded the claim for services prior to August 1, 1932, as barred by the two-year statutes of limitation (Art. 5526, Sec. 4, Vernon's Tex.Civ. Statutes), and proceeded to render judgment only for the $700, found by the jury to have been earned by appellee subsequent to August 1, 1932.

This appeal is presented by Norman Baker.

The evidence shows that Norman Baker, who operated under several trade names, decided to construct a radio broadcasting station in Old Mexico. On or about May 15, 1932, he entered into an oral contract with Hanchett to represent him as his commission broker at Laredo, to act as his agent in purchasing goods and merchandise in this country, and forwarding the same to him in the Republic of Mexico. On August 2, 1932, two letters of confirmation were sent to Hanchett. The two letters were worded identically and read as follows:

"Answering your kind letter, we accept your offer of representation for our firm in Laredo, Texas, and will instruct you regarding all shipments for Texas, and export.

"We expect to be shipping considerable materials to your city for export into

Mexico, and we trust you will give all shipments prompt attention.

"You are not to okey any bills for payment until same has been audited and oked by us for all purchases, labor, etc."

This suit was filed on April 8, 1933, but no attempt was made to secure service upon Baker for more than two years, Baker being at all times a non-resident of the State. It is conceded by appellee that unless this suit is based upon a written contract the claim is barred by the two-year statute of limitations. Art. 5526, Sec. 4, supra.

The trial court, as stated above, apparently regarded the contract as a written contract after the letters of confirmation were written, and, therefore, rendered judgment for services rendered after the writing of the letters. The question here presented is whether or not the letters of confirmation were legally sufficient to change the original oral contract to that of a written contract.

It will be noted that the confirmation letter begins: "Answering your kind letter," but it is conclusively shown that the letter was not written in answer to any letter written by appellee.

We conclude that the confirmation letter did not have the effect of changing the previously existing oral contract to a written contract. The oral contract was entered into on May 15, 1932. Services were rendered thereunder. There is no showing that the oral contract was not to become effective until confirmed by letter; quite the contrary is shown. The letter is not a complete contract within itself. A written confirmation of an already existing oral contract is not a written contract. Sanders v. Geo. M. Hester Cotton Co., Tex.Civ.App., 195 S.W. 269, writ refused; Taylor Milling Co. v. American Bag Co., Tex.Civ.App., 230 S.W. 782; Watson v. Howe Grain & Mercantile Co., Tex.Civ. App., 214 S.W. 843.

The letters did not constitute a complete written contract. They did not show the date the contract became effective, the character of service to be performed, the amount of compensation to be paid, and when same was payable, nor the duration of the agreement. It would be necessary to introduce parol evidence concerning these matters, and under such circumstances the cause of action is not one based upon a written contract. Mowatt v. Chicago, 292 Ill. 578, 127 N.E. 176;

Johnson v. Harrison Hardware & Furniture Co., 119 Fla. 470, 152 So. 708, 160 So. 878; Lively v. Tabor, 341 Mo. 352, 107 S.W.2d 62, 111 A.L.R. 976.

The judgment is reversed; and it appearing to the Court that the case has been fully developed, judgment will be here rendered that appellee take nothing and pay all costs of this and the court below.

Reversed and rendered.