Peter C. Orminski, Appellant, v. Hyland Electrical Supply Company, Appellee.

Gen. No. 43,353.

Heard in the first division of this court for the first district at the April term, 1945. Opinion filed June 25, 1945. Released for publication July 19, 1945.

CHINO & SCHULTZ, of Chicago, for appellant; THEO-
DORE L. FORSBERG, of Chicago, of counsel.

ROTHBART & ROSENFIELD, of Chicago, for appellee.

MR. JUSTICE NIEMEYER delivered the opinion of the
court.

Plaintiff's action, for overtime wages as a truck
driver at the hourly rates prescribed for such over-
time in written contracts between defendant and plain-
tiff's union, was dismissed on defendant's motion in-
terposing as a bar to plaintiff's suit a summary
judgment for defendant in an action brought by plain-
tiff in the district court of the United States to re-
cover overtime wages, liquidated damages and reason-
able attorneys' fees under the provisions of the Fair
Labor Standards Act of 1938. He appeals.

Plaintiff's claim is based upon allegations that dur-
ing the years from 1934 to 1941, both inclusive, plain-
tiff, a member of the Chicago Truck Drivers, Chauf-
feurs and Helpers Union of Chicago—Local 705, was
employed as a truck driver by defendant; that succes-
sive written contracts were entered into by the de-
fendant and the union prescribing the weekly wages
for truck drivers based on 51 hours a week, and in-
creased hourly rates for additional work in any week;
that during each year plaintiff worked a stated num-
ber of overtime hours without receiving the extra
compensation specified in the contracts. For this
overtime, aggregating $1,748.35, he asks judgment.

The summary judgment held to be a bar to
the present action was entered in a federal court ac-
tion brought by plaintiff, claiming to be engaged in
interstate commerce, to recover $631.01—wages for
overtime between October 29, 1938 and February 22,
1941 at the rate of time-and-a-half of the regular
hourly wage under the employment contracts, liqui-
dated damages in the same amount and reasonable

attorneys' fees in accordance with the provisions of the Fair Labor Standards Act. Defendant moved for a summary judgment upon the sole ground that plaintiff was not within the provisions of the Act because power was vested in the Interstate Commerce Commission under federal legislation to establish qualifications and maximum hours of service for plaintiff and all other persons employed by defendant driving its trucks. No other question was decided by the court or presented to it for decision. The rule of *res judicata* is stated in *Charles E. Harding Co. v. Harding,* 352 Ill. 417, 426: "The doctrine of *res judicata* is, that a cause of action finally determined between the parties on the merits, by a court of competent jurisdiction, cannot again be litigated by new proceedings before the same or any other tribunal, except as the judgment or decree may be brought before a court of appellate jurisdiction for review in the manner provided by law. A judgment or decree so rendered is a complete bar to any subsequent action on the same claim or cause of action, between the same parties or those in privity with them. The doctrine extends not only to the questions actually decided but to all grounds of recovery or defense which might have been presented. (*Wright v. Griffey,* 147 Ill. 496; *Markley v. People,* 171 id. 260; *Terre Haute and Indianapolis Railroad Co. v. Peoria and Pekin Union Railway Co.,* 182 id. 501; *Harvey v. Aurora and Geneva Railway Co.,* 186 id. 283; *Godschalk v. Weber,* 247 id. 269; *People v. Harrison,* 253 id. 625.) Where the former adjudication is relied on as an absolute bar to a subsequent action, it must be shown that the cause of action, the thing to be recovered and the parties are the same in both proceedings." In the instant case and in the federal court proceeding plaintiff brought suit for overtime wages. Each action is based upon the contracts of employment. In the federal court action under the Fair Labor Standards Act the recovery is

one and a half times the rate fixed by the contracts of employment, plus liquidated damages in the same amount and reasonable attorneys' fees. *Overnight Motor Transp. Co. v. Missel,* 316 U. S. 572; *Northwestern Yeast Co. v. Broutin,* 133 F. (2d) 628, 630. The statute becomes a part of the employee's contract of employment (*D. & L. Production Co. v. Cuniff* (Tex. Civ. App.), 180 S. W. (2d) 205), and the "liability is for the wages due employees under the working agreements which the federal statutes require employer and employee to make." *Loggins v. Steel Const. Co.,* 129 F. (2d) 118, 120. Recovery cannot be had under the Fair Labor Standards Act unless the plaintiff is engaged in interstate commerce in employment where the interstate commerce commission does not have power to establish qualifications and maximum hours of service. Sections 7 and 13 (b) (1) of the Fair Labor Standards Act. (U. S. Code, 1940 ed., title 29, § § 207, 213.) *Southland Gasoline Co. v. Bayley,* 319 U. S. 44. Neither of these questions is material in the case before us. The federal court having held on defendant's motion that the Fair Labor Standards Act did not cover plaintiff's employment, the judgment entered is *res judicata* as to his right of action under the Act. It is conclusive on the question of the applicability of that statute, but not of any claim for overtime independent of the statute. "The doctrine of res judicata is not available as a bar to a subsequent action if the judgment in the former action was rendered because of a misconception of the remedy available . . . " 30 Am. Jur., Judgments, § 210, citing, with many other cases in federal and state courts, *Schenck v. State Line Tel. Co.,* 238 N. Y. 308, where Justice Cardozo said (311–312) : "The plaintiff thought he had a remedy at law, and so thinking sued for damages. In truth he had no such remedy, for, irrespective of his knowledge of the fraud, his right of action for damages had been barred

by lapse of time. The defendants have blocked his recourse to a remedy which he had not. They now say that because of his mistake, he must be held to have renounced forever the remedy he had. 'There would be no sense or principle in such a rule' (HOLMES, J., in *Snow v. Alley, supra* [156 Mass. 193])."

The situation presented here is analogous to that involved in *Pillsbury v. Early,* 324 Ill. 562. There plaintiff brought suit for the specific performance of an alleged oral agreement of the decedent, John Early, to give to plaintiff at his death the farm on which decedent and his parents were living in consideration of plaintiff's services in caring for decedent and his parents; this bill was dismissed for want of equity; plaintiff filed her claim in the probate court against decedent's estate, claiming the reasonable value of the services rendered by her; the claim was allowed. In overruling the defense that the decree in the chancery suit was *res judicata* as to all matters involved in the claim against the estate, the Supreme Court said (565) : " . . . where the former adjudication is relied on as an answer and a bar to the whole cause of action it must appear that the things sought to be recovered and the cause of action in both suits are the same, (*Hanna v. Read,* 102 Ill. 596; *Silurian Oil Co. v. Neil,* 277 id. 45;) and that the former judgment necessarily involved the determination of the same fact to prove or disprove which it is offered in evidence. (*Wells v. Robertson,* 277 Ill. 534.) The issues in the chancery case and in the instant case were not the same. The chancery suit was for the specific performance of an express contract, and to entitle plaintiff to a decree in that suit it was necessary that she prove, among other things, such express contract by clear and convincing proof. Plaintiff was not of kin to the deceased, and in the instant case it was not necessary that she should prove that the services were rendered under an express contract but recovery

could be had upon an implied contract as well.'' The trial court erred in holding the summary judgment to be a bar to the present action, and the cause must be remanded for a trial upon the merits.

After the order of dismissal was entered plaintiff made a motion for a ruling on that part of defendant's motion which sought to strike from the complaint all claims for overtime not accruing within five years from the commencement of the action. The court on hearing sustained defendant's motion and held upon the record then before it that plaintiff's action was covered by the five year statute of limitations governing oral contracts, because it would be necessary to resort to parol evidence to show that plaintiff was a member of his union and therefore entitled to the benefits of the contract between defendant and the union. This ruling is correct. *Novosk v. Reznick*, 323 Ill. App. 544, 549–551.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

MATCHETT, P. J., and O'CONNOR, J., concur.