KORDEWICK et al. v. INDIANA HARBOR BELT R. CO.
No. 9120.

Circuit Court of Appeals, Seventh Circuit.
Oct. 19, 1946.

Rehearing Denied Nov. 6, 1946.

Writ of Certiorari Denied Jan. 13, 1947.
See 67 S.Ct. 502.

Gotthard A. Dahlberg and Sarsfield Collins, both of Chicago, Ill., for appellant.

Sidney C. Murray, Marvin A. Jersild and Victor L. Lewis, all of Chicago, Ill., for appellee.

Before KERNER and MINTON, Circuit Judges, and BRIGGLE, District Judge.

KERNER, Circuit Judge.

This action was brought by plaintiffs to recover money claimed to be due them by reason of defendant's violations of the provisions of a contract relating to plaintiffs' employment. Jurisdiction rested upon diversity of citizenship and the requisite amount in controversy. From a judgment dismissing the complaint on motion of defendant, the plaintiffs appeal.

The complaint in substance alleged that prior to August 13, 1926, a written agreement pertaining to wages, hours and working conditions was entered into by the General Managers Committee, representing various railroad corporations, and the Brotherhood of Railroad Trainmen. The complaint further alleged that plaintiffs were members of the Brotherhood and that as yardmen employees of defendant they were entitled to all the benefits of the agreement; that violations of the agreement began August 13, 1926, and ended on December 12, 1938; and that as a result thereof, some of the plaintiffs were deprived of a "minimum day" and others were required, in addition to their own work, to perform the work of those plaintiffs who had been deprived of their "minimum day."

In support of the motion to dismiss, defendant asserted inter alia that the action was barred by the five-year Statute of Limitations, ch. 83, § 16, Ill.Rev.Stat.1945. That section provides: "Actions on unwritten contracts, expressed or implied, * * * and all civil actions not otherwise provided for, shall be commenced within five years next after the cause of action accrued."

Plaintiffs, however, contend that their action is an action for the breaching by defendant of the terms of the written agreement between the Committee representing the railroads and the Brotherhood, and they cite § 17 of the Statute of Limitations which provides in part as follows: "Actions on * * * written contracts * * * shall be commenced within ten years next after the cause of action accrued." The question is whether plaintiffs' cause of action is based upon a written contract.

This is an action to recover wages; hence there can be no question that the law of Illinois governs its disposition, Huddleston v. Dwyer, 322 U.S. 232, 64 S.Ct. 1015, 88 L.Ed. 1246; Guaranty Trust Co. v. York, 326 U.S. 99, 65 S.Ct. 1464, 160 A.L.R. 1231, 89 L.Ed. 2079, and we must apply state statutes of limitations in accordance with the interpretations given to such statutes by the states' highest courts. Moore v. Illinois Central Railroad Co., 312 U.S. 630, 61 S.Ct. 754, 85 L.Ed. 1089.

Many years ago the Supreme Court of Illinois said: "A contract cannot be said to be in writing unless the parties thereto, * * * can be ascertained from the instrument itself. If the party to a written contract is not named therein, * * * the agreement is only partly reduced to writing, because parol proof must be resorted to in order to show with whom the bargain was made." The Railway Passenger & Conductors Benefit Ass'n v. Loomis, 142 Ill. 560, 567, 32 N.E. 424, 426. And in Mowatt v. City of Chicago, 292 Ill. 578, 582, 127 N.E. 176, 177, the court, after saying "that a written contract is one in which all of its terms are in writing; that a contract partly in writing and partly oral is in legal effect an oral contract," held that if parol evidence must be introduced to sustain the action the contract is not in

writing under § 17 of the Statute of Limitations. See also Novosk v. Reznick, 323 Ill. App. 544, 551, 56 N.E.2d 318, and Orminski v. Hyland Electrical Supply Co., 326 Ill. App. 392, 62 N.E.2d 14; Economy Fuse & Mfg. Co. v. Raymond Concrete Pile Co., 7 Cir., 111 F.2d 875, cited by plaintiffs, is not opposite. ·

■ As we have observed, the contract upon which plaintiffs rely was entered into between the General Managers Committee and the Brotherhood of Railroad Trainmen. The complaint was filed on November 9, 1945. The claimed violations began August 13, 1926, and ended on December 12, 1938. Plaintiffs are not named in the contract and parol evidence would be necessary, therefore, to show the existence of any contractual relationship between plaintiffs and defendant, and to show that plaintiffs are or were at any time employed by defendant, and if plaintiffs had been employed by defendant, parol evidence would be necessary to show that plaintiffs had been employed in the type of work covered by the agreement between the Brotherhood and the Committee. Under these circumstances, we must hold that the contract upon which recovery was sought was an unwritten contract.

Plaintiffs also make the point that the Statute of Limitations was tolled.

■ From the complaint it appears that on January 24, 1941, a complaint in behalf of plaintiffs was filed with the National Railroad Adjustment Board; that on April 5, 1943, the complaint was, without the consent of the plaintiffs, withdrawn by plaintiffs' representative; that plaintiffs' representative had no right to withdraw plaintiffs' complaint; that plaintiffs, learning of the withdrawal of their complaint and not consenting thereto and desiring to repudiate the action of their representative, presented and argued, before the Grand Lodge of the Brotherhood, an appeal from the action of their representative, but on October 18, 1943, their appeal was denied; and that thereafter they instituted, before the National Railroad Adjustment Board, proceedings to set aside the action of their representative in withdrawing their complaint, but the Board, on August 25, 1945, advised plaintiffs that it was closing its file with respect to the complaint because the case had not been handled in the manner prescribed by the Railway Labor Act, § 1 et seq., 45 U.S.C.A. § 151 et seq.

The contention is that the statute did not run while the complaint was pending before the National Railroad Adjustment Board, and Nevitt v. Woodburn, 160 Ill. 203, 43 N.E. 385, 52 Am.St.Rep. 315, and Order of Railroad Telegraphers v. Railway Express Agency, 321 U.S. 342, 64 S.Ct. 582, 88 L.Ed. 788, are cited. In the consideration of this contention it is well to remember that plaintiffs were not required by the Railway Labor Act to seek adjustment of their controversy with the railroad as a prerequisite to suit for the wages claimed to be due them. Moore v. Illinois Central Railroad Co., supra.

The Nevitt case, supra, was an action to recover on an executor's bond the sum found due from the executor to the estate. The court was of the opinion that the cause of action was not the making of the bond, rather it consisted in the execution of the bond and the breach of the condition of the bond. The court held that the cause of action accrued upon the failure of the executor to pay the judgment rendered against him. We think the case is inapplicable here.

The Telegraphers case, supra, 321 U.S. at page 348, 64 S.Ct. at page 58b, 88 L.Ed. 788, is cited because the court said that "A state statute of limitations can hardly destroy a claim because the period of actual contest over it in a federal tribunal extends beyond the limitation period." But that was an action to enforce an award rendered by the National Railroad Adjustment Board, and the plaintiff in that case, under the Railway Labor Act, 45 U.S.C.A. § 153, First (p) and (q), had a right to enforce the award within two years after the cause of action under the award accrued. And the court in that case, 321 U.S. at page 348, 64 S.Ct. at page 586, 88 L.Ed. 788, said: "If the action * * * had been a common-law action to recover wages, like that in Moore v. Illinois Central R. Co., 312 U.S. 630, 61 S.Ct. 754, 85 L.Ed. 1089, a quite different question of limitations would be

presented. The action as brought, however, was not a common-law action but one of statutory origin to enforce the award of an administrative tribunal." Thus, the case is clearly distinguishable on the facts.

The judgment of the District Court will be affirmed.

It is so ordered.