INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE & AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, UAW–AFL–CIO, Plaintiff,

v.

HOOSIER CARDINAL CORPORATION, an Indiana Corporation, Defendant.

No. EV 64–C–29.

United States District Court
S. D. Indiana,
Evansville Division.

Nov. 12, 1964.

Lynville G. Miles, Indianapolis, Ind., for plaintiff.

Harry P. Dees, of Kahn, Dees, Donovan & Kahn, Evansville, Ind., for defendant.

STECKLER, Chief Judge.

This cause comes on before the court on the motion of the defendant, Hoosier Cardinal Corporation, to dismiss the above entitled cause of action on two grounds:

The first ground is that the complaint herein shows on its face that there is no federal jurisdiction over the subject matter of the action.

In support of this part of its motion, the defendant claims that Section 301 of the Labor Management Relations Act of 1947, as amended, Title 29 U.S.C. § 185, confers no jurisdiction upon this court, or federal courts generally, to entertain an action brought by the plaintiff labor union for and on behalf of certain of its individual members to enforce such individual member's personal rights or action for alleged vacation pay claimed to be due by reason of the collective bargaining agreement between the plaintiff union and the defendant company; that the court does not have jurisdiction because the plaintiff labor union is an unincorporated labor association and as such has no capacity under Indiana law to bring an action as a party plaintiff; and that the complaint shows on its face that the plaintiff union has not suffered any damages, as such, and that the matter in controversy does not exceed, exclusive of interest and costs, the sum of $10,000.00, as required by Title 28 U.S.C. § 1332, as amended.

The second ground of defendant's motion to dismiss is that the complaint fails to state a claim against the defendant upon which relief can be granted.

In support of this ground of its motion, the defendant asserts that the complaint shows on its face that the plaintiff union is seeking to recover vacation pay on behalf of and for certain individuals who are former employees of the defendant. A list of such former employees is attached to the complaint as Exhibit B. It also seeks to recover on behalf of said employees double damages and attorney fees. The alleged vacation pay is alleged to have been earned according to a collective bargaining agreement entered into between the defendant and plaintiff's Local Union No. 145 on or about September 1, 1955, a copy of which agreement is attached to plaintiff's complaint as Exhibit A. The motion to dismiss is supported by the affidavit of an official of the defendant which shows that each individual former employee was employed by the defendant under an oral employment contract. This action, therefore, is an attempt by the union to recover on behalf of certain individuals alleged vacation pay on each said individual former employee's alleged separate cause of action under each employee's oral employment contract with the defendant. The defendant further alleges that the complaint on its face shows that the breach, if any, on the part of the defendant of the verbal employment contracts with the individual former employees occurred on or about the first day of June, 1957, when the defendant corporation discontinued employment of all of the former employees named in the complaint and since said date has refused to pay any such employee alleged accumulated vacation pay. Finally, the defendant, in support of its motion to dismiss under this part, states that the complaint shows that the alleged cause of action of the individual former employees which the plaintiff is seeking to enforce on their behalf arose more than six years prior to the commencement of this action. Further, that such claims for alleged vacation pay would result from an alleged breach of an oral employment contract of each employee and would, therefore, be barred by the statute of limitations of the State of Indiana. Burns' Indiana Statutes, 1946 Replacement, Section 2–601 (Supp.), which provides that no action shall be brought on a contract not in writing after six years. The plaintiff's complaint in this case was filed on April 8, 1964, which would be more than six years from June 1, 1957, when the alleged breach, if any, of employment contract with the individual employees occurred.

As noted above, the defendant filed the affidavit of the president of the defendant corporation in support of its motion to dismiss, in which it is stated that each individual former employee was originally and at all times since the date of employment continuously employed by the defendant solely under an oral or verbal employment contract, and that none of said employees prior to their discharge on June 1, 1957, was ever employed under any written employment contract. Rule 12 of the Federal Rules.

of Civil Procedure provides that a motion to dismiss supported by matters outside the pleading, if not excluded by the court, shall be treated as a motion for summary judgment. In this case the same results would obtain whether the motion was considered as a motion to dismiss or as a motion for summary judgment because this cause can be, and is, disposed of without the necessity of the affidavit in support of said motion to dismiss and on matters appearing on the face of the complaint unsupported thereby. Further, this cause was fully briefed by both plaintiff and defendant and oral argument and hearing thereon was held before the court after due notice to both parties and no counteraffidavits to said motion were filed by the plaintiff herein.

And the court having examined the plaintiff's complaint, defendant's motion to dismiss, the briefs in support thereof and in opposition thereto, and having taken the matter under advisement, and now being duly advised in the premises overrules said defendant's motion to dismiss as to the first ground thereof, that there is no federal jurisdiction over the subject matter of the action, but now sustains said defendant's motion to dismiss said complaint on the second ground of said motion, namely, that the complaint fails to state a claim against the defendant upon which relief can be granted.

If the defendant's motion, by reason of the affidavit attached, is considered a motion for summary judgment of the defendant as to the second ground of said motion to dismiss, then in the alternative such motion for summary judgment is hereby sustained.

The court in reaching its decision herein in the disposition of defendant's motion to dismiss has given serious consideration to the briefs and arguments of the parties.

The defendant in support of the first ground of its motion to dismiss, that the complaint shows no federal jurisdiction over the subject matter of the action, argues that Section 301 of the Labor Management Relations Act of 1947, as amended, Title 29 U.S.C. § 185, confers no jurisdiction on this or any other federal court to entertain this action by the plaintiff labor union for and on behalf of its individual members to enforce the alleged uniquely personal rights of the individual former employees of the defendant to recover alleged vacation pay, inasmuch as these rights flow directly to the former individual employees under their individual verbal employment contracts with the defendant and did not flow to or inure to the benefit of the plaintiff union. The defendant argues that the complaint shows on its face that the vacation pay sought to be recovered is a uniquely personal right of the defendant's former individual employees and that this brings this case squarely within the decision and authority of Local Lodge 2040, International Association of Machinists v. Servel, Inc., 268 F.2d 692 (7th Cir.1959), and in the holding of the Supreme Court of the United States in Association of Westinghouse Salaried Employees v. Westinghouse Electric Corp., 348 U.S. 437, 75 S.Ct. 489, 99 L.Ed. 510 (1954). The facts in the Servel case were almost identical with the facts in this case, in which the court held that a labor union seeking to recover alleged vacation pay for former employees of Servel, Inc. and not seeking to recover anything upon behalf of itself, could not recover on the uniquely personal rights of the former employees and that Section 301 of the Labor Management Relations Act of 1947, as amended, did not confer federal jurisdiction on the district court to entertain the action by the plaintiff union for recovery of alleged vacation pay of its individual members. The Servel case was based upon the Supreme Court's decision in the Westinghouse case cited above, which also held that the federal court did not have jurisdiction in an action by a labor union to enforce uniquely personal rights of the individual employees which it represented and that such action belonged to the individuals and not to the union.

The defendant in its brief, although admitting that the Westinghouse case and perhaps the Servel case had been questioned by the Supreme Court of the United States in the case of Smith v. Evening News Association, 371 U.S. 195, 83 S.Ct. 267, 9 L.Ed.2d 246 (1962), nevertheless argued that these cases were not overruled by the Supreme Court in its decision and that anything which the court may have stated in the Smith case with reference to the Servel or Westinghouse cases was purely dicta; also, that these cases were not necessarily overruled and that as to the particular question involved here, the Servel and Westinghouse cases were determinative of this question.

The plaintiff, on the other hand, maintains that Smith v. Evening News Association expressly overruled Westinghouse, and that under the Smith case this action can be maintained by the plaintiff union even though it is brought to recover vacation pay, which would be uniquely personal claims of the individual employees.

In the Smith case the petitioner, individually and as assignee of certain other employees who were members of a labor organization having a collective bargaining contract with the defendant newspaper publisher, brought suit in the Circuit Court of Wayne County, Michigan, to recover certain wage claims for the petitioner and other employees, charging that during a strike certain non-union employees were paid full wages even though there was no work available, while refusing to pay wages to the union members, in violation of a clause in the collective bargaining agreement providing there should be no discrimination against any employee because of his membership or activities in the union.

■ The case was dismissed by the Wayne Circuit Court on the grounds that the allegations, if true, would make out an unfair labor practice under the National Labor Relations Act and hence the matter was within the jurisdiction of the National Labor Relations Board.

The Michigan Supreme Court affirmed this decision and certiorari was granted by the Supreme Court of the United States. The Supreme Court held that the authority of the National Labor Relations Board to deal with an unfair labor practice which also violates a collective bargaining agreement was not displaced by Section 301 of the Labor Management Relations Act of 1947, as amended, nor does it destroy the jurisdiction of the courts in suits brought under that section. It was then urged that a suit by an employee to collect wages in the form of damages is not among those suits in violation of contracts between the employer and a labor organization as provided in Section 301 and that, therefore, the court would not have jurisdiction to enforce these rights because they would be considered uniquely personal rights arising from the separate hiring contracts between the employer and each employee. The Supreme Court stated, however, that the underpinnings of Westinghouse and its holding was no longer authoritative for the proposition that uniquely personal employee rights could not be recovered under Section 301. The Court reiterated this observation in General Drivers, Warehousemen and Helpers Local Union v. Riss & Co., 372 U.S. 517, 83 S.Ct. 789, 9 L.Ed.2d 918 (1962). In the Smith case the Court held that the individual employees could maintain an action under Section 301 to enforce these personal rights where they were founded in part on a collective bargaining agreement. It seems to the court here that although the Smith decision did not go so far as to hold that a union could enforce these personal rights for an employee under Section 301, by holding that the individual employees could enforce such rights under Section 301 the Supreme Court would have little hesitancy in holding that in a proper case a labor union itself could enforce the personal rights of a wage claim of the individual employee under Section 301. In view of the language used in the Smith case on this subject, the court is constrained to hold that the plaintiff union in this case could

maintain this action on behalf of the individual former employees of the defendant to recover their alleged individual wage claims under Section 301 of the Labor Management Relations Act of 1947, as amended, and that, therefore, this court does have jurisdiction of the subject matter of this cause. For this reason, that part of defendant's motion to dismiss the complaint herein is overruled.

With reference to the second part of the defendant's motion to dismiss, or motion for summary judgment if it be so considered, on the ground that the complaint shows on its face that the causes of action sought to be enforced herein are barred by the Indiana statute of limitations is well taken and this part of defendant's motion must be sustained.

 It is well settled that the collective bargaining agreement between a union and an employer does not create a contract of employment with the individual employees. As was stated by the Supreme Court in the case of J. I. Case Co. v. National Labor Relations Board, 321 U.S. 332, 64 S.Ct. 576, at page 579, 88 L.Ed. 762 (1944), no individual employee has a job by reason of the collective bargaining agreement and no obligation to any individual comes into existence from such collective bargaining agreement. After a collective bargaining agreement is made, the individuals who will benefit by it are identified by individual hirings. In other words, the right of the individual to vacation pay or other wages from an employer arises from his employment contract with the employer and not by virtue of the collective bargaining agreement. This rule was also expressed in Kisley v. Goldblatt Bros., 251 F.2d 558 at page 560 (7th Cir.1958), where the court said:

"An employee has always had a right to bring suit in a court to recover wages claimed to be owing him from his employer. As the court said in Association of Westinghouse Salaried Employees v. Westinghouse Elec. Corp., 348 U.S. 437, 460, 75 S.Ct. 489, 500, 99 L.Ed. 510: 'The employees have always been able to enforce their individual rights in the state courts.' Such an action is based upon a hiring contract between the employer and the employee. While the contract between the employees' union and the employer may determine the rate of wages of the employee, the latter's right of action is not superseded by the employer-union agreement. An employee may enforce his claim for back wages by suing in a state court, or in a federal court where there is present diversity of citizenship and the required amount is involved."

Thus it is clear and it is shown on the face of the complaint, disregarding the affidavit filed in support of defendant's motion to dismiss, that the individual employment contracts of the defendant's former employees, for which the plaintiff union seeks to recover vacation pay, were employment contracts which were partly oral and partly in writing, the oral part being the employment itself and the written part being the reference to the collective bargaining agreement between the plaintiff union and defendant which determined the rates of pay and the alleged vacation rights. Under these circumstances, it is the court's opinion that Burns' Indiana Statutes, 1946 Replacement, Section 2-601 (Supp.) which provides that no action may be commenced on a contract not in writing after six years from the date the cause of action arose would apply in this case inasmuch as the complaint on its face shows the causes of action of the individual former employees of the defendant arose on the first day of June, 1957, when the defendant dismissed all of said former employees, and that this action was not brought until April 8, 1964, more than six years thereafter.

The two cases decided by the Court of Appeals for the Seventh Circuit are quite determinative of the action in this case and, under the decisions, the individual employee's claims for vacation pay herein have been barred by the Indiana statute of limitations. In the case of Kordewick v. Indiana Harbor Belt R. Co.,

157 F.2d 753 (7th Cir.), cert. denied, 329 U.S. 806, 67 S.Ct. 502, 91 L.Ed. 688 (1947), the court in discussing the Illinois statute of limitations on contracts which were partially written and partially verbal held that the statute barring parol contracts applied. In this case individual employees brought an action against the employer alleging a breach of a written union contract between the employer and the union. The Court at pages 754 and 755 of 157 F.2d discussed the effect of the contract and found that it was a contract partially oral and partially in writing and, therefore, was considered an oral contract so as to be barred by the statute of limitations governing parol contracts, and said:

"Many years ago the Supreme Court of Illinois said: 'A contract cannot be said to be in writing unless the parties thereto, * * * can be ascertained from the instrument itself. If the party to a written contract is not named therein, * * * the agreement is only partly reduced to writing, because parol proof must be resorted to in order to show with whom the bargain was made.' The Railway Passenger & Conductors Benefit Ass'n v. Loomis, 142 Ill. 560, 567, 32 N.E. 424, 426. And in Mowatt v. City of Chicago, 292 Ill. 578, 582, 127 N.E. 176, 177, the court, after saying 'that a written contract is one in which all of its terms are in writing; that a contract partly in writing and partly oral is in legal effect an oral contract,' held that if parol evidence must be introduced to sustain the action the contract is not in writing under § 17 of the Statute of Limitations. See also Novosk v. Reznick, 323 Ill.App. 544, 551, 56 N.E.2d 318, and Orminski v. Hyland Electrical Supply Co., 326 Ill.App. 392, 62 N.E.2d 14; Economy Fuse & Mfg. Co. v. Raymond Concrete Pile Co., 7 Cir., 111 F.2d 875, cited by plaintiffs, is not opposite.

"As we have observed, the contract upon which plaintiffs rely was entered into between the General Managers Committee and the Brotherhood of Railroad Trainmen. The complaint was filed on November 9, 1945. The claimed violations began August 13, 1926, and ended on December 12, 1938. Plaintiffs are not named in the contract and parol evidence would be necessary, therefore, to show the existence of any contractual relationship between plaintiffs and defendant, and to show that plaintiffs are or were at any time employed by defendant, and if plaintiffs had been employed by defendant, parol evidence would be necessary to show that plaintiffs had been employed in the type of work covered by the agreement between the Brotherhood and the Committee. Under these circumstances, we must hold that the contract upon which recovery was sought was an unwritten contract."

A later Court of Appeals for the Seventh Circuit case, Albrecht v. Indiana Harbor Belt R. Co., 178 F.2d 577 (7th Cir.), cert. denied, 339 U.S. 949, 70 S.Ct. 804, 94 L.Ed. 1363 (1949), involved the same union contract involved in the Kordewick case, except that in the latter case the Indiana six-year statute of limitations was involved, because although the contract was made in Illinois the action was instituted in federal court in Indiana and the court held that in such a case the statute of limitations of the state in which the suit was brought would control. The court pointed out that on a suit on a union contract by an individual employee, such employment contract is partially oral and partially in writing and is regarded as an oral contract, and that the Indiana six-year statute of limitations would apply.

Indiana has clearly held that in a case where a contract is partially in writing and partially oral the six-year statute of limitations applies as it is an action on an oral contract and not one in writing. For one of the leading cases on this subject in Indiana and frequently cited, see The Board of Commissioners of Marion County v. Shipley, 77 Ind. 553. In this

case the county issued a written authorization for the payment of a bounty to anyone volunteering for military service. The plaintiff brought an action against the county, suing on the written contract. However, the court held that the six-year statute applied because the contract was partially oral and partially in writing. At page 555 the court said:

"A contract can not be said to be in writing within the meaning of section 211, above noticed, so as to run twenty years, unless the parties thereto, as well as its entire terms and stipulations, can be gathered from the instrument itself, or from some other written instrument referred to therein, without the aid of parol evidence to ascertain either. If parol evidence has to be resorted to in order to ascertain the parties to a contract or its terms, the reason for extending the period of limitation to twenty years fails; and though the contract may be partly in writing, yet, as it rests partly in parol, the six-year period of limitations applies as well as if the contract had rested entirely in parol."

This case was cited with approval and reaffirmed in Carskaddon v. City of South Bend, 141 Ind. 596, 39 N.E. 667, where at page 668 of the Supreme Court Reporter it approved The Board of Commissioners of Marion County v. Shipley and cited several other Indiana cases holding to the same effect. See also 19 I.L.E. Limitation of Actions § 22, p. 17.

■ The mere fact that the union is bringing this action instead of the individual employees involved does not change the rule that the statute of limitations has barred this action.

It is the cause of action which is barred by the statute of limitations and not the particular person bringing the action. The cause of action here is the individual employee's claims for vacation pay and it is such claims that have been barred. These employees are the real parties in interest, as shown by the complaint herein, and the mere fact that the plaintiff union seeks to recover vacation pay on behalf of these individual employees does not change the fact that it is the individual employee's cause of action for vacation pay which is sought to be enforced and which is now barred by the statute of limitations.

19 I.L.E. Limitation of Actions § 8, p. 11, points out that it is the cause of action that is barred regardless of who attempts to bring the action. This rule is stated as follows:

"Limitations ordinarily run against the right of action and not the holder thereof, and, where a claim of a decedent is barred by limitations, the claim of his heirs based solely on the rights acquired from the decedent is also barred. A claim of debt, which would be barred if made by the original creditor or claimant, will likewise be barred in the hands of a third person."

In support of this rule, see the following cases: Kennedy v. Warnica, 136 Ind. 161, 36 N.E. 22 (1894); Hildebrand v. Kinney, 172 Ind. 447, 87 N.E. 832 (1909); O'Connell v. Chicago Park District, 376 Ill. 550, 34 N.E.2d 836, 135 A.L.R. 698 (1941).

The individual former employees of the defendant for whose benefit this action for vacation pay alleged to be due is brought cannot circumvent the statute of limitations, which has clearly run on their claims, by having the union bring the action in their behalf, because the cause of action itself is now barred.

The court having reached the above conclusions,

It is therefore, ordered, adjudged and decreed that plaintiff's complaint herein be and the same is hereby dismissed on the ground that the complaint fails to state a claim against the defendant upon which relief can be granted, for the reason that the complaint shows on its face that the causes of action upon which recovery is sought on behalf of the individual former employees of the defendant were barred by the statute of limitations of the State of Indiana, Burns' Indiana

Statutes, 1946 Replacement, Section 2–601 (Supp.), at the time this action was commenced, and that the costs of this action be taxed against the plaintiff.